No. 102.—JOHN McRORY, administrator, &c. plaintiff in error, *vs.* MATTHEW SYKES and others, defendants in error.

[1.] A mistake in a grant cannot be rectified by *scire facias* or bill.

In Equity, in Henry Superior Court. Decided by Judge HILL, April Term, 1856.

This bill was filed to correct a grant. The bill alleged that one Rachael McRory of Effingham County, gave in and drew, in the land lottery of 1821, lot of land number 188, in the 12th district of Henry County.

That when the grant was issued by the State, instead of being issued to Rachael McRory, it was issued to Rachael McCrary.

The lot of land having passed through the hands of divers persons, was now in the possession of Matthew Sykes.

The bill prayed that the grant might be corrected to make it conform to the facts.

The defendant, Sykes, answered the bill, and at the trial Counsel for Sykes moved the Court to dismiss the bill, on the ground that it contained no equity.

The Court sustained the motion and dismissed the bill, and Counsel for complainant excepted.

EZZARD, for plaintiff.

DOYAL, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Walker vs. Wells*, (17 *Ga. Rep.* 547,) this Court intimated pretty strongly that a mistake in a grant could not be corrected in this State either by *scire facias* or bill. We have heard nothing to change that opinion.

Whether it could be done by a proceeding in the name of the Governor upon the relation of the party, we will not undertake to say. Unforeseen difficulties might occur in the pursuit of this remedy. Legislation is needed either in the shape of the North Carolina Statute (cited in 17*th Georgia*) or by authorizing a suit or proceeding to be prosecuted in the name of the State at the instance of the party aggrieved.

It is suggested that the North Carolina remedy by *scire facias*, will not reach the case, inasmuch as it extends only to defects in the body of the grant or apparent upon its face. It was the remedy prescribed to vacate grants fraudulently drawn. And there the fraud was wholly outside of the grant.

But in my judgment, whichsoever way the party may turn in this case, he is environed with one difficulty from which he will find it difficult to extricate himself. If Sykes be a *bona fide* purchaser, can the Legislature, or the Courts, or any other tribunal rectify this grant so as to make it available against him? If he had not the means of knowing the mistake, can he be made to suffer by its correction?