27047. CARMICHAEL v. THE STATE.

SUBMITTED FEBRUARY 15, 1972—DECIDED MARCH 9, 1972—
REHEARING DENIED MARCH 23, 1972.

Walter M. Henritze, Jr., for appellant.

Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General, for appellee.

MOBLEY, Presiding Justice. Horace W. Carmichael appeals from his conviction of armed robbery, and assigns error on the denial of his motion for new trial, and on each of the grounds of the amended motion. No contention is made that there is merit in the general grounds of the motion for new trial.

The indictment charged the appellant and Robert Glover with the offense of armed robbery on February 1, 1970, by taking $50 from Catherine Heard, as bailee, by the use of a pistol and a shotgun. Mrs. Heard was an employee of The Quick Shop, located in Fulton County. Shortly before midnight on January 31, 1970, Robert Glover (known by several witnesses), with a pistol, and another man, with a gun,

came into the store. The man with the gun demanded that Mrs. Heard give him her money, which she did. The appellant was identified as being the man with the gun by Mrs. Heard, Mr. Shy, another employee of the store, and Larry White, a customer in the store at the time of the robbery.

■ It is asserted that the trial court erred in overruling the appellant's motion for a hearing outside the presence of the jury on the validity of the identification procedures in a pre-trial line-up, after evidence was adduced that no attorney was present at the line-up. The appellant relies on United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178).

No evidence of line-up identification was introduced by the State. Counsel for the appellant, on cross examination of Mrs. Heard, asked her if she had attended a line-up, and she replied that she had. Counsel asked her if the defendant had a lawyer present, and she replied: "I don't know." Counsel then requested the court to have a hearing outside the presence of the jury. After colloquy between the court and counsel for the appellant and the State, in regard to the line-up, the jury returned, and counsel for the appellant continued his cross examination of Mrs. Heard. She stated that some men were there, that someone asked her if she was sure the appellant was the man, but she did not know whether this was an attorney.

Mr. Shy testified on cross examination that he attended the line-up, that he thought the appellant had a lawyer, who asked the witness if he was sure that this was the right fellow, but that he did not think the man identified himself as a lawyer. Mr. White testified that he did not attend the line-up.

The record has no other information about the line-up procedure. At the time of the colloquy between the trial judge and counsel for the State and the appellant, outside of the presence of the jury, no evidence was produced by either side as to whether the appellant had counsel at the line-up.

The cases of United States v. Wade, 388 U. S. 218, supra, and Gilbert v. California, 388 U. S. 263, supra, hold that it is a denial of the Constitutional right of representation by counsel to conduct a line-up in the absence of counsel for the accused, but neither of these cases requires the reversal of a criminal case because there was a line-up conducted without counsel for the accused, where the evidence shows that the in-court identification of witnesses had an independent origin.

Both witnesses who attended the line-up, Mrs. Heard and Mr. Shy, testified that the appellant and his co-indictee were in the store on two occasions during the night of the robbery prior to their return to commit the robbery, and that the appellant bought a Chapstick the second time they came in. Their testimony shows that their identification of the appellant had an independent origin and was not based on any identification they had made at the line-up.

The record therefore fails to show error harmful to the appellant, even if he had no lawyer during the line-up procedure. Compare: *Butler v. State,* 226 Ga. 56 (1) (172 SE2d 399); *Aiken v. State,* 226 Ga. 840 (3) (178 SE2d 202); *Ford v. State,* 227 Ga. 279 (4b) (180 SE2d 545).

■ It is next contended that the court erred in charging the jury as follows: "Now, gentlemen, it is the contention of the State that at or about the time alleged in the indictment or within seven years prior to its return, this defendant with the other person named in this indictment did commit the offense of armed robbery . . ."

It is asserted that this charge would authorize a conviction of an offense committed on a date other than the date alleged in the indictment, thus depriving the appellant of notice of the charge against him, in violation of the Sixth and Fourteenth Amendment to the Constitution of the United States.

It is further asserted that it was error to give this charge authorizing the jury to convict the appellant for an offense committed on a date other than that alleged in the indict-

ment which is designated as a "special presentment."

The fact that the appellant was accused under a "special presentment" has no significance on the question of the legality of this charge. "In this State the difference between an indictment and a special presentment has been abolished, with respect to the requirements of law in regard to trials under them, a mere technical distinction remaining that in an indictment the accusation is presented by a prosecutor, and in a special presentment it is preferred by the grand jury without a prosecutor. *Groves v. State,* 73 Ga. 205." *Barlow v. State,* 127 Ga. 58, 60 (56 SE 131). See *Code* § 27-703.

The indictment in the present case did not limit the charge specifically to the date alleged and no other date, as was the case in *Worley v. State,* 88 Ga. App. 786 (77 SE2d 769).

The indictment alleged the commission of the armed robbery on February 1, 1970. The evidence showed that the robbery actually occurred shortly before midnight on January 31, 1970. The appellant offered no evidence of alibi, or other evidence, gave no sworn testimony, and made no unsworn statement.

Counsel for the appellant concedes that it is the general rule in Georgia "that evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense. *Robinson v. State,* 209 Ga. 650 (7) (75 SE2d 9); *McGruder v. State,* 213 Ga. 259 (1) (98 SE2d 564)." *Gravitt v. State,* 220 Ga. 781, 783 (141 SE2d 893).

There is no indication by this record that the appellant was deprived of any Constitutional right by reason of the fact that the indictment charged one date, whereas the crime actually occurred shortly before midnight on the day before. No alibi evidence was offered, nor was any continuance requested on the ground of surprise that the evidence showed the commission of the crime on a date different from that shown in the indictment, and that additional

time would be needed to procure alibi testimony to account for the appellant's whereabouts on that date.

It was not error for the trial judge to charge the jury in the language complained of by the appellant.

*Judgment affirmed. All the Justices concur.*