## 62196. CHERRY v. THE STATE.

DEEN, Presiding Judge.

1. Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. *Carmichael v. State,* 228 Ga. 834, 837 (188 SE2d 495) (1972). An exception exists where the evidence of the state proving that the offense was

committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976); *Riles v. State,* 155 Ga. App. 586 (271 SE2d 718) (1980).

The indictment in the present case accused the defendant of cruelty to a minor child on November 15, 1977. The state's evidence established that the defendant beat the two-year-old child on October 26, 1977, to the extent that neighbors, hearing the blows and cries, called on him to stop; that on that weekend he was taken to visit his father and grandmother who discovered bruises on the infant's back from the waist down on the buttocks, thighs, and legs. He was examined by a doctor, the police were informed, and the child was removed from the custody of the defendant all prior to the November 15 date alleged in the indictment.

Upon motion to limit the state's evidence to the time alleged in the indictment or in the alternative to grant a continuance, the court, addressing the attorney for the defendant, stated that while he did not think such a motion should be used as a merely technical vehicle, if counsel would state in his place that "you are really and truly surprised and expected the state to offer evidence of that particular date" he would go on from there. Counsel honestly replied that he was unable to do so, whereupon the motion was overruled. No error appears.

2. It was not error in the present case for the trial judge to refuse to direct a verdict of not guilty. *Murray v. State,* 135 Ga. App. 264 (2) (217 SE2d 393) (1975).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 25, 1981.

*Jesse G. Bowles III,* for appellant.

*Charles M. Ferguson, District Attorney, Robert G. Dunn III, Assistant District Attorney,* for appellee.