## 71694. CHERRY v. THE STATE.
### (343 SE2d 510)

SOGNIER, Judge.

Appellant was convicted of armed robbery, burglary, aggravated assault and simple battery, and he appeals.

1. Appellant contends the trial court erred by denying his motions for a directed verdict of acquittal because the evidence was not sufficient to sustain the verdict. The evidence disclosed that appellant and another man broke into the home of Robert and Cheryl Lummus while they were away at their auction business. When the Lummuses returned home about 2:30 a.m. with the day's receipts from their business they were confronted by appellant and the second man, both of whom had pistols and were wearing ski masks. The Lummuses were taken into separate rooms and each of them was robbed of rings and money. When Robert Lummus was taken into a back room he struggled with the second robber, was struck over the head and knocked to the floor with what he believed was the pistol, and was then robbed of his ring and money. Both Robert and his wife were tied up and covered with blankets while appellant and the second man ransacked the house. Several thousand dollars in cash, several diamond rings, a stereo and other items were stolen. Appellant was identified positively by Mrs. Lummus as the person who robbed her, and appellant's palm print was found on a washing machine underneath a window used to gain entry to the house. Although appellant testified he had been in the Lummus house before, they testified that appellant had never been in their house and had no authority to enter their house. Appellant denied committing any of the offenses charged.

We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motions for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends he was denied effective assistance of counsel because his trial attorneys failed to object to hearsay testimony; failed to object when appellant's wife was called as a witness and forced to assert her marital privilege not to testify in the presence of

the jury; failed to make pretrial motions; and failed to make a motion after an in-court identification of appellant.

At a post-trial hearing on this issue it was disclosed that appellant was represented by a public defender who was appointed by the court; this attorney had been in practice three years. Because of the public defender's inexperience in criminal trials involving serious felony charges, he requested that the court appoint a more experienced attorney to assist him (the public defender). The court granted this request and appointed a second attorney who had been in private practice for ten years and had extensive experience in criminal trials. Prior to trial these two attorneys interviewed all witnesses in the case; obtained access to the prosecuting attorney's complete file in the case and made copies of all statements in the file; made several oral motions which were granted, resulting in full pretrial discovery; travelled to Atlanta and interviewed the State's fingerprint expert at the State Crime Laboratory; and filed a written motion to have an independent expert appointed to review the fingerprint (palm print) evidence. Both attorneys had many lengthy interviews with appellant prior to trial in an effort to obtain the names of possible defense witnesses, ascertain if there were alibi witnesses, discuss the possibility of negotiating a plea of guilty, and discuss trial strategy. The transcript of trial discloses that appellant's counsel were well prepared for trial, conducted extensive cross-examination of State witnesses, presented appellant as a witness and made motions for a directed verdict of acquittal.

Appellant's contentions relating to failure to take certain specified actions during trial were decisions made by his counsel during trial. Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. *Bishop v. State*, 155 Ga. App. 611, 615-616 (2) (d) (271 SE2d 743) (1980). Although another lawyer may have conducted the defense in a different way, asked different questions and made different objections, etc., the fact that appellant's counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. *Lewis v. State*, 246 Ga. 101, 104-105 (3) (268 SE2d 915) (1980). Thus, we conclude after a careful review of the record, together with evidence presented on this issue at a post-trial hearing, that the alleged acts or omissions did not constitute ineffective assistance of counsel. *Lewis*, supra.

3. Appellant contends error in the trial court's failure to remove the jury after appellant's wife was called as a witness. The transcript discloses that Mrs. Cherry was not called by the State to testify against her husband; rather, she was called to testify that her brother was at home with Mrs. Cherry at the time the offenses were commit-

ted. The defense was aware that Mrs. Cherry would be called and made no objection when she was called to testify. Appellant's counsel did request a bench conference which was not recorded, and thereafter, in the presence of the jury, the court instructed Mrs. Cherry that she could not be compelled to testify against her husband. Mrs. Cherry claimed her privilege and was excused. The defense made no objection to this procedure and it is well settled that this court will not consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). Nevertheless, we note that the prosecuting attorney, in the presence of the jury, informed the court that Mrs. Cherry was not called to testify against her husband, but to testify as to her brother's whereabouts on the night of the offense. Thus, the jury could not be left with the impression that Mrs. Cherry knew something about her husband that she wanted to hide. Under such circumstances we fail to see how appellant was harmed by this procedure, even though it would have been better practice to advise Mrs. Cherry of her marital privilege and allow her to claim that privilege outside the presence of the jury. The burden is on a party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). We find no reversible error here.

4. Appellant contends the trial court erred by failing to rule that the offense of aggravated assault merged with the offense of armed robbery. We agree.

The armed robbery indictment alleged that appellant took certain property from the person of Robert Lummus by the use of a pistol, and *"in the course of the commission of said armed robbery,* said accused person did intentionally inflict serious bodily injury on the person of Robert James Lummus, with a hard object believed by said victim to be a pistol . . . by hitting Robert James Lummus on the head with said object. . . ." (Emphasis supplied.) The aggravated assault indictment alleged the same act. It is clear that the aggravated assault alleged separately was the same assault alleged to have been committed in the course of the armed robbery. This is verified by the evidence, which disclosed that Robert Lummus was only struck on the head once with a hard object believed to be a pistol. Under the indictments as drawn, the aggravated assault conviction must merge with the robbery conviction. *Luke v. State*, 171 Ga. App. 201, 202-203 (2) (318 SE2d 833) (1984). Accordingly, we must reverse appellant's conviction of aggravated assault.

5. Appellant contends the trial court erred by giving an *Allen* charge to the jury (*Allen v. United States*, 164 U. S. 492 (17 SC 154,

41 LE 528)).

The charge was given after the jury had deliberated one afternoon and the following morning, and the jury then informed the court that it was deadlocked seven to five. Further, appellant has taken one sentence out of the entire *Allen* charge and contends the charge was coercive on the basis of that one sentence. The language complained of, as well as the language used in the entire charge, has been approved by our Supreme Court. *Ponder v. State*, 229 Ga. 720 (194 SE2d 78) (1972). Thus, there was no error.

6. Appellant contends error in the court's failure to order a presentence report. In Georgia, we have "probation reports," not "presentence investigative reports," and whether or not to order a probation report is within the discretion of the trial judge. *Jackson v. State*, 248 Ga. 480, 484 (6) (284 SE2d 267) (1981). Hence, there was no error.

*Judgment affirmed as to Counts 1, 2, 3, 5 and 6. Judgment reversed as to Count 4, aggravated assault. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 20, 1986 —
REHEARING DENIED APRIL 1, 1986 — ■

*Calvin A. Leipold, Jr.*, for appellant.

*Robert F. Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.