73631. HENSON v. THE STATE.
(356 SE2d 556)

</div>

McMurray, Presiding Judge.

Defendant was indicted for the offense of child molestation. At trial, the victim testified that in July 1985 defendant performed acts which constituted the crime of child molestation. The victim was under 14 years old. The State also introduced evidence that defendant displayed to the victim and the victim's 12-year-old sister sexually explicit magazines. (These magazines were introduced into evidence by the State.) The victim's sister testified that in July 1985 she witnessed defendant performing acts upon the victim which constituted the crime of child molestation. From this and other evidence adduced at trial defendant was found guilty. This appeal followed. *Held*:

1. Initially, defendant contends the evidence was not sufficient to enable any rational trier of fact to find her guilty beyond a reasonable doubt of the crime charged. " 'After the jury has returned a verdict of guilty, where the defendant seeks a reversal of his conviction on appeal by . . . asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond a reasonable doubt. (Cit.)' *Hudgins v. State*, 159 Ga. App. 723, 724 (285 SE2d 73) (1981). [In the case sub judice, the] alleged victim testified in detail as to what occurred. The [acts] she attributed to [defendant] did in fact constitute molestation. [Further, the victim's sister corroborated much of the victim's testimony.] A rational trier of fact could have found from this evidence and the other evidence adduced at trial proof of [defendant's] guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Castillo v. State*, 178 Ga. App. 312 (2) (342 SE2d 782).

2. Next, defendant contends the trial court erred in allowing the State to introduce into evidence three sexually explicit magazines found at defendant's home. The victim identified these magazines as the ones defendant showed her prior to molesting her. Under these

circumstances, the magazines were admissible into evidence. *Tyler v. State*, 176 Ga. App. 96, 99 (2) (335 SE2d 691).

3. In her third and final enumeration of error defendant contends that the evidence failed to establish the date of the alleged offense.

" ' "Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. *Carmichael v. State*, 228 Ga. 834, 837 (188 SE2d 495) (1972). An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. (Cits.)" *Cherry v. State*, 159 Ga. App. 75 (1) (282 SE2d 717) (1981). Accord *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982).' *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371)." *Johns v. State*, 181 Ga. App. 510 (1) (352 SE2d 826).

In the case sub judice, the indictment alleged that defendant committed the offense on July 24, 1985. The victim and her sister testified that defendant committed acts of child molestation on the victim in July 1985. After thoroughly examining the record and the trial transcript, we find that this deviation in the evidence from the allegation of the indictment did not materially affect defendant's ability to present a defense. Consequently, since the time of the offense was within the applicable statute of limitation, this enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 14, 1987.

*Benjamin W. Studdard III*, for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.