### 76152. WINDOM v. THE STATE.
(369 SE2d 311)

BIRDSONG, Chief Judge.

Appellant Albert Windom, Jr., was indicted for the offenses of child molestation in three counts, rape and statutory rape in two counts, and two counts of exhibiting to a minor sexually explicit materials prohibited by OCGA § 16-12-103 (a). He was found guilty of the charges of child molestation and exhibiting the sexually explicit material to minors, and appeals from the jury verdict and denial of his motion for new trial. *Held*:

1. Appellant contends that the evidence was insufficient for a conviction of either offense under the general grounds. The evidence showed that the two victims, sisters aged seven and eight, had lived with their mother in appellant's home for about a year and a half. The mother found the two victims awake about 4:00 a.m. after they had been alone in the house with appellant. The elder child had baby oil rubbed on her torso and her panties had been pulled down. When questioned, she told her mother that appellant had put it on her. Although appellant begged her not to and hung up the telephone, the mother called the police, who came to the house and after conducting an investigation, took everyone to police headquarters where the girls were examined and appellant was arrested. Both girls were found to have vaginal openings much larger than normal and perforated hymens. Appellant waived his *Miranda* rights and made an oral statement in which he admitted showing X-rated movies and books to the

older girl and rubbing her vagina, and that she had masturbated him. He denied having sexual intercourse with the elder child, and denied having any contact of a sexual nature with the younger child. At trial, both children were qualified as competent and testified about the sexual acts appellant perpetrated upon them while their mother was absent. The older child stated that appellant began "messing" with her shortly after they had moved into his house, but that she had not told anyone about it because she was scared. The police searched the house with the mother's consent, finding sexually explicit books and movies in the bedroom she shared with appellant, and a bottle of baby oil in the room used by appellant as an office. The mother's testimony as to what the girls told her when she questioned them on the night she found them awake corroborated their trial testimony. A VCR video tape which the elder child identified as one appellant had showed her was viewed by the jury.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crump v. State*, 183 Ga. App. 43 (357 SE2d 863); *Henson v. State*, 182 Ga. App. 617 (356 SE2d 556).

2. The mother's testimony as to what the younger victim told her on the night in question was admitted in evidence over appellant's objection, pursuant to OCGA § 24-3-16. Appellant complains that this evidence should not have been allowed because the trial judge did not make a finding of "sufficient indicia of reliability" as required by the statute. The Georgia Supreme Court, in *Reynolds v. State*, 257 Ga. 725 (2) (363 SE2d 249), decided this issue adversely to appellant, by holding that "OCGA § 24-3-16 does not require a hearing to determine 'indicia of reliability' be held prior to receiving the testimony . . . [and] we cannot say that failure to do so in this case was error. . . ." The trial judge is presumed to know the law (*Dixon v. Dixon*, 211 Ga. 557, 563 (87 SE2d 369)) and presumed to "faithfully and lawfully [perform] the duties devolving upon it by law." *Sullivan v. Brownlee*, 174 Ga. App. 813 (1) (331 SE2d 622). Hence, implicit in any ruling by a trial court is that he has made the necessary finding of admissibility before admitting such evidence.

3. Appellant's final enumeration of error is that the trial court unfairly prejudiced the jury by allowing the video to be shown as evidence of an OCGA § 16-12-103 violation, when the statute has been declared unconstitutional. At trial defense counsel argued that because the display provision (subsection (e)) and the library exception (OCGA § 16-12-104) were stricken in *American Booksellers Assn. v. Webb*, 643 FSupp. 1546 (N.D. Ga. 1986), and the other provisions are inseparable, the entire statute was unconstitutional. This issue has recently been resolved adversely to appellant in *Hunter v. State*, 257

Ga. 571, 578 (6) (361 SE2d 787), which specifically holds that the cited federal court decision "does not prohibit the state from prosecuting [a defendant] for violating the *exhibition* and *definition* components of the Act." Id. at 578. Thus we have no grounds for reversal.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 29, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Thomas Morgan III*, Assistant District Attorneys, for appellee.