## A90A0882. McCARTHY v. THE STATE.
(397 SE2d 178)

BEASLEY, Judge.

McCarthy was acquitted of violation of the Georgia Controlled Substances Act by selling cocaine and convicted of possessing cocaine with intent to distribute, OCGA § 16-13-30 (b). His motion for new trial was denied.

The evidence is construed so as to uphold the verdict. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985). Sikes, a Drug Enforcement Administration (DEA) informant, called Jones, whom he had known for approximately one to one-and-a-half years, to arrange to purchase one-half ounce of cocaine. When Jones received the call from Sikes, he called McCarthy. Jones "knew at some point in time that, . . . [McCarthy] would be able to get some between now and the time that [Jones] saw Sikes again." McCarthy arranged to go to Jones' apartment the next day, and Jones told Sikes to come to his apartment.

Sikes, a DEA agent, and a surveillance team went to Jones' apartment. Sikes was searched before leaving the DEA office and rode with the agent. Sikes went to Jones' apartment but was told to wait outside because the drugs had not arrived. About five minutes later, Sikes and the DEA agent knocked again at Jones' door and Jones allowed them in. Shortly thereafter, McCarthy arrived.

Sikes and the DEA agent remained downstairs while Jones and McCarthy went upstairs. McCarthy pulled a plastic bag containing cocaine out of his pocket and showed it to Jones, who called Sikes and told him to bring the money. The DEA agent gave the $1,000 to Sikes, Sikes went upstairs and produced the money, and McCarthy produced the cocaine.

1. Appellant contends the evidence was insufficient to convict him of possessing cocaine with intent to distribute inasmuch as the jury found him not guilty of selling cocaine.

The State's evidence was not consistent about who actually received the money from Sikes, i.e., whether it was given to Jones or to appellant. However, its evidence was consistent as to appellant being the supplier of the cocaine. The jury could have believed that appel-

lant possessed the cocaine with the intent to distribute it beyond a reasonable doubt but that the evidence fell short of proving that appellant was a direct actor in the money-drugs exchange, i.e., the sale. The verdict of not guilty of the sale is not inconsistent with the finding of guilt as to possession with intent to distribute.

The evidence was legally sufficient to convict appellant of possession with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Relying on *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974) and *Sullivan v. State*, 178 Ga. App. 769 (344 SE2d 737) (1986), appellant contends that he could not be convicted and sentenced for possession with intent to distribute because the facts alleged by the State encompassed only one transaction, the sale of cocaine.

*Estevez*, however, discussed the difference between the procedural bar and the substantive bar of double jeopardy, neither of which comes into play here. In fact, the Supreme Court in *Estevez* expressly rejected what is essentially appellant's argument by concluding, inter alia, that "[a]n accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other." Id. at 320 (2).

*Sullivan* is inapposite. In that case the defendant was improperly *convicted of both* the unlawful possession of marijuana with the intent to distribute and the sale of marijuana even though the same evidence needed to convict for possession with intent to distribute was included within the evidence of the sale of the drugs.

3. Appellant enumerates as error that the State was permitted to place his character in issue, which is proscribed by OCGA § 24-9-20 (b).

There was evidence that prior to the drug transaction, Jones and appellant had known each other because Jones had played in appellant's band. Appellant's defense was that he had been a victim of circumstance because at the time of the drug deal with Sikes he was at Jones' apartment merely to pay Jones $50 for an earlier musical performance and had no part whatsoever in the drug transaction.

The State called co-defendant Jones, who had already pleaded guilty and was not on trial, as a witness. Jones was relating his version of what happened after the drug-money exchange: "From the previous date that I played with [McCarthy], [McCarthy] gave me $50, and I don't know if the $50 were — either — either way, [McCarthy] gave me $50, for either the favor or [McCarthy] gave me $50 for playing. Either/or, I received $50." The State then asked Jones, "Would it be fair to say that the defendant was your supplier?" Jones began to respond "no." Defense counsel objected on the ground that the State was leading the witness and the State withdrew the ques-

tion. The State asked Jones what his relationship had been with McCarthy in regard to the cocaine — whether it had been a one-time-only thing or whether Jones had had such dealings with McCarthy in the past. Jones responded that he had had prior dealings with McCarthy.

Assuming nonwaiver of appellant's present argument despite lack of objection at trial, the objected-to testimony was not inadmissible on the basis urged. " 'Evidence relevant to an issue in the case is not rendered inadmissible because it may incidentally impugn the character of an accused where character is not otherwise in issue.' [Cit.]" *Ledesma v. State*, 251 Ga. 885, 888 (5) (a) (311 SE2d 427) (1984). See also *Smith v. State*, 181 Ga. App. 136, 137 (1) (351 SE2d 530) (1986); *Lawrence v. State*, 174 Ga. App. 788, 790 (7) (331 SE2d 600) (1985); *Thomas v. State*, 156 Ga. App. 286, 287 (1) (274 SE2d 684) (1980).

Jones' and McCarthy's prior relationship in regard to any cocaine dealings was directly relevant to the question of the credibility of Jones' version of the events on trial.

4. Appellant contends that he was denied his Sixth Amendment right to effective assistance of counsel because retained trial counsel's performance was deficient to the point of prejudicing appellant and depriving him of a fair trial. No assertion under the State Constitution is made.

Appellant's claim was heard by the trial court on the motion for new trial. Trial counsel testified and the court concluded that even though there were some things that trial counsel could have handled differently, counsel's representation did not amount to ineffective assistance of counsel.

"Under the holding in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense. . . . *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). In *Strickland* at 466 U. S. 686, the court approved a 'reasonably effective assistance' standard which had already been adopted in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). Thus, '(t)he reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. (Cit.) The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' *Brogdon* at 68. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. *Cherry v. State*, 178 Ga. App. 483, 484 (2) (343 SE2d 510) (1986)." *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988).

Many of what appellant lists as trial errors by counsel involve points of law already addressed and determined adversely to appellant. See Divisions 1, 2, and 3, supra. Counsel's stipulation of nonuse of a tape recording obtained in the surveillance is not constitutionally infirm assistance of counsel inasmuch as there is no showing that the tape was relevant to the determination of guilt or innocence, much less that it was favorable to defendant. Claims based on error in the court's jury charge, including an alleged *Sandstrom* violation, are without merit.

Therefore, the trial court did not err in concluding that appellant did not suffer federally prohibited ineffective assistance of counsel at trial.

5. For the reasons discussed above, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Thomas, Kennedy, Sampson, Edwards & Slayton, Paul L. Howard, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, Desiree L. Sutton, Assistant District Attorney,* for appellee.