## A91A1684. TURNER v. THE STATE.
(415 SE2d 524)

COOPER, Judge.

Appellant was convicted by a jury of child molestation and appeals from the denial of his motion for new trial.

1. Appellant first contends that the trial court erred in denying his motion for a continuance to enable him to develop an alibi defense. The indictment issued against appellant charged that the crime occurred on June 3, 1988. The evidence elicited during the presentation of the State's case failed to establish a specific date for the crime but showed that the crime occurred during a period of time, from approximately June 1, 1988, to June 12, 1988. After the State rested its case, the prosecutor, defense counsel and the court agreed that the State could submit a request to charge to the effect that the specific date on the indictment was not a material allegation and that if the jury found the crime occurred at any time within the statute of limitation, they could convict. The defense then presented its case, and did not, at any time, raise the issue of an alibi defense. After the defense rested, a charge conference ensued during which defense counsel objected to the charge submitted by the State regarding the date of the offense. The defense argued that the indictment charged a specific date, not a time period; that appellant did not have an alibi defense for the date charged; but that appellant may have alibis for other dates within the statute of limitation. Appellant requested a continuance in order to prepare an alibi defense applicable to other periods within the statute of limitation if the State's request to charge was given to the jury. Appellant also requested to make an offer of proof on the alibi defense. The court denied both requests. However, at the hearing on appellant's motion for new trial, the court did allow an offer of proof to be made, and appellant's trial counsel testified that she could have produced evidence that appellant was out of town around June 8 or 9, 1988. Counsel stated that she did not originally subpoena the alibi witness because there was no alibi for the exact date charged in the indictment, June 3, 1988. Further, coun-

sel acknowledged that it became clear during the State's case that the date of the offense was not specific, yet she could not recall what, if any, efforts she made to secure the alibi witness during the trial.

It is well established that " '[w]here the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. [Cit.] An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial. [Cit.]' " (Punctuation and citations omitted.) *Henson v. State*, 182 Ga. App. 617 (3) (356 SE2d 556) (1987). In *Henson*, supra, the defendant's ability to present a defense was not materially affected when the indictment charged the date of child molestation as July 24, 1985, and the evidence showed that acts of molestation occurred in July 1985. Appellant relies on *Carmichael v. State*, 228 Ga. 834 (188 SE2d 495) (1972), in which the indictment alleged the commission of an armed robbery on February 1, 1970, and the evidence showed that the robbery occurred before midnight on January 31, 1970. The *Carmichael* court, after acknowledging that the evidence of guilt may extend to any day prior to the indictment and within the statute of limitation, determined that the appellant was not deprived of notice of the charge against him by reason of the discrepancy between the date charged and the evidence. The court stated, "[n]o alibi evidence was offered, nor was any continuance requested on the ground of surprise that the evidence showed the commission of the crime on a date different from that shown in the indictment, and that additional time would be needed to procure alibi testimony to account for the appellant's whereabouts on that date." Id. at 837-838. Appellant argues that the trial court erred because appellant did request a continuance and an offer of proof as suggested by the *Carmichael* court. However, the *Carmichael* language does not dictate a finding of error in the case sub judice. Even though the lack of specificity regarding the date of the offense was clearly exposed early in the trial, during the presentation of the State's case, no motion for a continuance was made by appellant at that time, nor did appellant indicate any surprise on the issue of the date of the offense. In fact, the evidence adduced at trial did not show a substantial discrepancy in timing but consistently pointed to a one week to ten day span during which the molestation occurred. After the State's case, the prosecution raised the content of the proposed jury charge on this issue and, again, no motions or claims of surprise were made by the defense. Instead, the defense agreed to the concept of such a jury charge. The appellant then proceeded to present his entire case without indicating surprise and without raising any issue

of alibi. Even though appellant claims that an alibi did not exist for the date charged, he failed to raise the issue at trial with respect to the dates surrounding the date charged even though all the evidence related to dates within a short time span. Only at the charge conference did appellant assert his position with respect to this issue. We cannot discern a basis for surprise, and we conclude that appellant was not deprived of an alibi defense or a fair trial. The trial court did not err in denying appellant's motion for a continuance.

2. Appellant next contends that the trial court erred in admitting evidence of a prior conviction of appellant for aggravated assault. At trial, the State called the older sister of the victim as a witness, who testified on direct examination that the victim told her that appellant molested the victim. On cross-examination, the defense counsel asked the witness if she liked the appellant, to which the witness responded negatively. Defense counsel then asked the witness if appellant made her clean up the yard and help him work on the house and if the witness did not get along with appellant because of these demands. The witness responded that appellant did make her do these things but that they got along over these tasks. On redirect, the prosecution asked the witness why she did not like appellant to which she responded that he abused her mother, beat her sister and shot at her and her son. Appellant objected, and the trial court overruled the objections because the prosecution's inquiry was within the scope of the questioning begun on cross. On re-cross examination, the defense further probed the witness' allegations of appellant's propensity for violence and asked the witness if she called the police when these incidents occurred. When the witness responded that she did contact the police, defense counsel asked, "so the police department will have a stack of police reports from you calling them, right?" On further redirect, the prosecution elicited from the witness that she did follow up with the police when appellant shot at her and her son, and the prosecution then offered into evidence a certified copy of an indictment and conviction of appellant for aggravated assault relating the shooting. On appeal, appellant argues that the evidence of the indictment and conviction was admitted without a proper purpose, that it placed the character of the appellant in issue and that any relevancy of the evidence was outweighed by its prejudicial effect. " 'Evidence relevant to an issue in the case is not rendered inadmissible because it may incidentally impugn the character of an accused where character is not otherwise in issue.' [Cits.]" (Punctuation and citations omitted.) *McCarthy v. State*, 196 Ga. App. 839 (3) (397 SE2d 178) (1990). "What is forbidden is the State's introduction in the first instance of evidence whose sole probative value is that it tends to show a defendant's bad character. [Cit.]" *Mathis v. State*, 192 Ga. App. 772, 773 (3) (386 SE2d 532) (1989). There was no error in admitting the indict-

ment and conviction of appellant. It is clear that defense counsel made the first reference to the witness' feelings for appellant and the reasons therefor. After the prosecution appropriately followed the line of questioning, the defense continued to probe and attack the witness' credibility by asking if the witness had made reports to the police. The prosecution, in response to the attacks by the defense and in an attempt to bolster the witness' veracity and credibility, introduced the indictment and conviction. Thus, although the conviction may reflect on appellant's character, the line of questioning was not introduced by the State in the first instance, and the conviction was relevant to the credibility of the witness. See *McCarthy*, supra. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct has caused. [Cit.]" *Mathis*, supra at 774. Moreover, " '[A]dmission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion.' [Cit.]" *Ingram v. State*, 192 Ga. App. 196 (2) (384 SE2d 262) (1989). Appellant argues that the court erred in not giving limiting instructions to the jury. The record reflects that the defense submitted a request to charge on witness' feelings in an attempt to limit the jury's consideration of the evidence. The court determined that the charge as submitted did not make sense and did not address the defense counsel's concerns about the evidence. The court gave defense counsel the opportunity to redraft the charge or to submit other instructions, but the record is devoid of any further submission by the defense. "[The] failure to instruct the jury as to the limited purpose for which evidence is offered, is not error in the absence of a request. [Cit.]" *Cridiso v. State*, 200 Ga. App. 342 (1) (408 SE2d 153) (1991).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1992.

*Shandor Badaruddin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Constance C. Russell, Assistant District Attorneys*, for appellee.