A02A0180. FRAZIER v. THE STATE.
(557 SE2d 12)

ELDRIDGE, Judge.

A DeKalb County jury found David Earl Frazier guilty of two counts of child molestation for acts he committed against the three-year-old daughter of his ex-girlfriend, which offenses came to light when the then four-year-old child spontaneously told her mother that a pair of pantyhose her mother had rolled into a ball "looked like David Frazier's penis." This is the second appearance of this case before us.[1] We reversed the judgment entered on the first jury's verdict of guilty, finding that certain evidence was improperly admitted at trial. Frazier now appeals the judgment entered on the second jury's guilty verdict. Finding no merit to Frazier's lengthy claims of error, we affirm his conviction.

1. Frazier contends that the trial court erred in permitting the introduction of a videotape of the victim's outcry; he argues that the videotape did not have the requisite "indicia of reliability" necessary for admission. We disagree.

(a) Under OCGA § 24-3-16, a videotaped statement made by a child under the age of 14 years describing any act of sexual contact or

---

[1] *Frazier v. State*, 241 Ga. App. 125 (524 SE2d 768) (1999).

physical abuse performed with or on her by a defendant is admissible in evidence "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."[2] In determining whether such video contains sufficient "indicia of reliability," a trial court may consider many factors, some of which were identified in our decision in *Gregg v. State*.[3] These

> include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.[4]

Of course, because "[i]ndicia of reliability must spring from the circumstances of the statement,"[5] the above-referenced factors are certainly not exhaustive; there may be other relevant aspects of a child's statement that demonstrate reliability in a fashion unique to that child under the circumstances. Further, each factor does not have to be present as some may not be applicable in any given circumstance.[6] Instead, in *Gregg*, we endeavored to provide a fluid — not rigid — guide with which to aid the trial court in its determination as to the validity of a child's outcry hearsay, a determination which is really a credibility decision as to the reliability of the child's statement based on the totality of the circumstances. And, as always, "[c]redibility as it relates to the admissibility of evidence is an issue for the trial court; a trial court's findings as to credibility will be upheld on appeal unless clearly erroneous."[7]

---

[2] OCGA § 24-3-16.

[3] 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

[4] (Emphasis omitted.) Id.

[5] Id.

[6] *Martin v. State*, 235 Ga. App. 844, 845-846 (4) (510 SE2d 602) (1998) (the *Gregg* factors are to be applied neither in mechanical nor mathematical fashion).

[7] (Citation and punctuation omitted.) *Wesley v. State*, 228 Ga. App. 342, 343 (1) (491 SE2d 824) (1997). See also *Singleton v. State*, 236 Ga. App. 438, 441 (2) (511 SE2d 541)

In this case, the trial court viewed the videotape with both parties. Thereafter, applying several of the factors suggested in *Gregg*, the trial court explained its reasons for concluding that sufficient indicia of reliability existed for admission. Among such reasons were the lack of "coaching" by any adult; the lack of contact with anyone about the incident until the victim's spontaneous statement to her mother a year later; the appropriate demeanor of the child; the fact that the child was "extremely bright"; and the lack of any inducement to make such outcry. Under such circumstances, we do not find as error the trial court's conclusion that the videotape contained sufficient indicia of reliability to support its admission.[8]

(b) The victim, ten years old at time of trial, took the stand so that any inconsistencies in her videotaped statement could be explored on cross-examination. Accordingly, the videotaped statement was admissible.[9]

2. The indictment in this case alleged that the offenses occurred "between the 1st day of January, 1995 and the 31st day of March, 1995." Pursuant thereto, the trial court charged the jury that "the dates alleged within this bill of indictment are not a material allegation. It is sufficient if the State proves beyond a reasonable doubt that the crime was committed within seven years prior to the return of the indictment." Frazier contends that such charge was error in light of his alibi defense that he no longer lived at the victim's residence during the time period reflected in the bill of indictment. We find no error.

> It is well established that where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed *at a time substantially different from that alleged in the indictment* surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial.[10]

In this case, however, the evidence of the State conformed to the dates alleged in the indictment. The State's evidence showed that

---

(1999); *Atwater v. State*, 233 Ga. App. 339, 343 (4) (503 SE2d 919) (1998); *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995).

[8] *Myrick v. State*, 242 Ga. App. 892, 895 (2) (531 SE2d 766) (2000).

[9] Id.; *Medina v. State*, 234 Ga. App. 13, 15 (1) (b) (505 SE2d 558) (1998); *Calloway v. State*, 199 Ga. App. 272, 273 (2) (404 SE2d 811) (1991).

[10] (Citations and punctuation omitted; emphasis supplied.) *Turner v. State*, 202 Ga. App. 799, 800 (415 SE2d 524) (1992).

Frazier was the boyfriend of the victim's mother and lived in the victim's home. The acts of molestation occurred in the afternoon at the victim's home during a "school day," while Frazier was alone with her. The State's evidence showed that the only time Frazier was alone at home with the victim during a school day was between January and March 1995, when Frazier was between jobs and picked the victim up from school for her mother; he moved out of the victim's home at the end of March 1995 and did not return. Frazier's alibi evidence covered the same three-month period. Thus, "the defendant's ability to present a defense was not materially affected when the indictment charged the date of child molestation as [between January 1, 1995, and March 31, 1995], and the evidence showed that acts of molestation occurred [between such dates]."[11] The trial court's charge, otherwise a correct statement of law,[12] does not require reversal when the State's proof and the defendant's alibi cover the same period of time as alleged in the indictment.[13] Indeed, with regard to this claim of error, Frazier stated at trial only that "what I am asking the court to do is require the State to prove its case within those alleged dates that are on the indictment." The State did so.

3. We also find no error in the admission of similar transaction evidence in this case.

(a) "[Frazier] failed to object to the introduction of the evidence at trial, which waived the issue on appeal. The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it."[14]

(b) The similar transaction evidence was admissible under the standard of *Williams v. State*.[15] The similar act occurred five months after the instant offense and consisted of a molestation of the seven-year-old daughter of a woman Frazier married following his separation from the mother of the current victim, for which subsequent offense Frazier was convicted in Fulton County. In each instance, Frazier was involved with the mother of the victim and was living in the victim's home. He used his relationship with the mother to prey upon the young daughter thereof. The fact that in one incident Frazier made the three-year-old victim touch his penis and in the other Frazier touched the seven-year-old victim's vagina does not render the offenses dissimilar so as to affect admissibility. "[T]he sexual abuse of young children, regardless of the sex of the victims or the

---

[11] Id.; *Henson v. State*, 182 Ga. App. 617, 618 (3) (356 SE2d 556) (1987).

[12] *Arnold v. State*, 236 Ga. App. 380, 384 (7) (511 SE2d 219) (1999).

[13] *Price v. State*, 223 Ga. App. 185, 187 (4) (477 SE2d 353) (1996).

[14] (Punctuation and footnotes omitted.) *Cowan v. State*, 243 Ga. App. 388, 392 (2) (d) (531 SE2d 785) (2000). See *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).

[15] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible."[16] Both incidents demonstrate Frazier's bent of mind and course of conduct in performing sexual acts upon the young girls who were under his control and custody.[17]

4. We reject Frazier's contention that reversal is required because the trial court did not conduct a second similar transaction hearing with regard to the same similar transaction evidence admitted during the first trial. This contention was not raised below and thus is waived.[18] In addition, our review of the record shows that a second hearing was conducted during which Frazier argued against the admissibility of the similar transaction evidence. Accordingly, this contention is without factual basis.

5. Frazier claims error in the trial court's refusal to permit a jury voir dire question as to whether evidence that Frazier had been convicted of child molestation in Fulton County would "affect your ability to fairly and impartially decide this matter on its merits?" However, evidence of Frazier's Fulton County conviction for child molestation was admissible to demonstrate Frazier's bent of mind and course of conduct with regard to the victim in the case-in-chief. Thus, the *purpose* of such evidence was to affect the jury's decision on the merits of the case; impartiality remains throughout a trial "unless and until overcome by evidence."[19] Frazier's voir dire question in essence asked the jury to prejudge evidence they had not yet heard with regard to its effect on the verdict. As such, the question was not permissible. "A trial court does not abuse its broad discretion in limiting questions to those that do not require the juror to prejudge the case."[20]

6. Next, Frazier contends he was denied a thorough and sifting cross-examination of the similar transaction victim's mother, A. P., because the trial court would not permit him to question A. P. about her cocaine use. Frazier claims that A. P. opened the door to such questioning when she testified that her daughter "told me that she had wanted to tell me before [about the molestation], but she never could get me alone to tell me because he [Frazier] didn't want her to tell." Frazier asserted at trial that evidence of A. P.'s cocaine use was relevant "[t]o explain why [the victim] was not allowed to have access to her mother at certain times by David Frazier. . . . To allow us to

---

[16] (Punctuation omitted.) *Myrick v. State*, supra at 894 (1).

[17] See *Miller v. State*, 226 Ga. App. 509, 513 (486 SE2d 911) (1997) (prior crimes evidence demonstrating the sexual exploitation of young family members admissible).

[18] *Lambropoulous v. State*, 234 Ga. App. 625, 626 (507 SE2d 225) (1998).

[19] *Reeves v. State*, 241 Ga. 44, 48 (4) (243 SE2d 24) (1978); *Mitchell v. State*, 223 Ga. App. 319 (1) (477 SE2d 612) (1996).

[20] *McCannon v. State*, 268 Ga. 393, 395 (3) (489 SE2d 801) (1997).

explain why there were times when [the victim] was kept apart from her mother." We find no error precluding the cross-examination of A. P. about her alleged cocaine use. "A defendant's right to a thorough and sifting cross examination is not violated by a trial court's confining questioning to relevant, material matters, and the trial court, in determining the scope of relevant cross-examination, has a broad discretion."[21]

Here, the testimony cited by Frazier did not assert that the victim was "not allowed access to her mother at certain times by David Frazier" or that the victim "was kept apart from her mother" by Frazier. To the contrary, the gist of A. P.'s testimony was that the victim was with her mother, but she was never with her *alone*; that Frazier was constantly present in order to prevent the victim from telling A. P. about his acts. The trial court did not abuse its discretion in refusing to permit Frazier to cross-examine A. P. about cocaine use in order to "explain" an issue not raised by A. P.'s testimony.

Moreover, the trial court did not rule out evidence of cocaine use by A. P., but found that such was not admissible on the basis asserted above. The court determined that if evidence later came in that Frazier kept the similar transaction victim away from A. P., then the issue of A. P.'s alleged cocaine use to explain Frazier's actions could be revisited. However, no such evidence was introduced, even by Frazier who testified at trial. Thus, the basis for the instant claim of error is factually meritless.

7. Frazier contends that, based on our prior holding in his first appeal, it was reversible error to permit testimony that the similar transaction victim was watching a pornographic videotape at the time Frazier molested her. We disagree.

(a) Frazier's failure to object to the similar transaction evidence prior to its admission at trial waives the instant claim of error.[22]

(b) In Frazier's first appeal, we found that the State's introduction of certain sexually explicit demonstrative evidence, including videotape, was not admissible simply to show Frazier's "lustful disposition," because such evidence had no connection to the indicted acts: "None of the materials depicted or referred to the sexual activity with which Frazier was charged."[23] However, our prior ruling had nothing whatsoever to do with the similar transaction offense and cannot be used to bootstrap reversible error. Here, no videotape or other material was introduced to show "lustful disposition." And the young victim's testimony that Frazier forced her to watch a pornographic video with him at the same time that he sexually molested her was part of

---

[21] (Punctuation omitted.) *King v. State*, 273 Ga. 258, 274 (31) (539 SE2d 783) (2000).
[22] *Young v. State*, supra at 479.
[23] *Frazier v. State*, supra at 126.

circumstances surrounding the independent act of child molestation. As such, it was admissible.[24]

8. In his final enumeration of error, Frazier claims that he received ineffective assistance of counsel at trial. Frazier made such claim in his first appeal against the defense counsel who secured an acquittal for Frazier on aggravated child molestation during the first trial. As such, we will entertain only those issues that pertain to trial counsel's representation on retrial, since all allegations of ineffective assistance of counsel must be raised at the earliest practicable moment, and any allegation not so raised is deemed waived.[25]

> In order to prevail, [Frazier] must show both deficient performance by trial counsel and actual prejudice. To show deficient performance, he must demonstrate that trial counsel's performance was not reasonable under the circumstances confronting them before and during the trial, without using hindsight. [Frazier's] burden is high because trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To show actual prejudice, [Frazier] must demonstrate that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[26]

Further, "[t]he trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous."[27]

(a) We find no error in defense counsel's decision to call DeKalb County Assistant District Attorney Sheila Connors as a witness in order to emphasize both the inconsistencies in the victim's testimony and the repetition thereof. Such was a strategic decision made after agreement by Frazier and does not demonstrate error.[28] Any credibility matter with regard to Frazier's desire to call Connors as a witness was resolved by the trier of fact.[29]

(b) We find no basis for objection to the State's cross-examination of Connors as to her training. Further, defense counsel made timely

---

[24] *Guild v. State*, 234 Ga. App. 862, 868 (7) (a) (508 SE2d 231) (1998).

[25] *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

[26] (Citations and punctuation omitted.) *Head v. Carr*, 273 Ga. 613, 615-616 (4) (544 SE2d 409) (2001).

[27] *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001).

[28] *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999).

[29] *Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997).

objection when Connors' testimony appeared to be straying into the child abuse accommodation syndrome, and such was corrected pursuant to counsel's objection.

(c) There is no evidence in the record demonstrating that a "September 2, 1995 videotape" was either available to defense counsel or would have been helpful to Frazier's case. Current counsel did not obtain the videotape for the motion for new trial. Thus, neither error nor prejudice has been shown by the fact Frazier's trial attorney failed to obtain said videotape.

(d) The victim's testimony that Frazier threatened to kill her family if she told anyone about the molestation was part of the res gestae and was admissible. Further, such statement was not required to be revealed under the criminal discovery act, since it was neither a custodial statement of the defendant nor a recorded statement by the victim "in the possession, custody, or control of the state or prosecution."[30] Accordingly, there was no basis for objection. "Failure to make a meritless objection cannot be evidence of ineffective assistance."[31]

(e) In the first trial, the jury acquitted Frazier under Count 1 of the original indictment of the offense of aggravated child molestation and returned a guilty verdict on the remaining two counts of child molestation under Counts 2 and 3. Upon retrial and by agreement of the parties, the State redacted the original indictment and removed the offense of aggravated child molestation. The indictment was further redacted so that it contained only the two remaining counts of child molestation, renamed as Counts 1 and 2. Now, Frazier contends that defense counsel should have filed a "plea in abatement" to a "defective indictment." He claims that removing the original Count 1, aggravated child molestation, for which Frazier was acquitted and replacing it with Count 1, child molestation, for which Frazier was subsequently convicted, "gives the appearance of nullifying his acquittal" under the original Count 1.

To this contention we can only inquire, "To whom is such 'appearance' given? And where is the harm?" The jury had neither the original indictment nor knowledge of the original Count 1 so as to be affected by such "appearance"; certainly, the parties knew that Frazier had been acquitted under the original Count 1 and would not be fooled by such "appearance"; and Frazier does not contend that the redaction actually served to nullify his acquittal on the original Count 1 in fact or in law. Clearly, Frazier was subject to retrial under the original indictment; if such had not been redacted to remove all

---

[30] OCGA §§ 17-16-7; 17-16-4; *State v. Lucious,* 271 Ga. 361, 362 (518 SE2d 677) (1999).

[31] (Punctuation and footnote omitted.) *Demetrios v. State,* 246 Ga. App. 506, 513 (7) (a) (541 SE2d 83) (2000).

suggestion of a first trial, a more plausible claim of error and prejudice could be made. Under the circumstances, however, the instant claim is so patently meritless as to require no further discussion.

(f) Any remaining claims of error are waived for failure to raise them at the earliest practicable moment.[32]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 13, 2001 —
RECONSIDERATION DENIED NOVEMBER 29, 2001.

*Maria Murcier-Ashley*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[32] *Bagwell v. State*, supra at 179 (1) (f).