A06A0503. NORMAN v. THE STATE.
(629 SE2d 489)

MILLER, Judge.

Following a jury trial, Charles Jack Norman was convicted of two counts of aggravated child molestation and three counts of child molestation. On appeal, Norman contends that the trial court erred by allowing the State to offer evidence of a polygraph examination, by allowing testimony that improperly bolstered the credibility of the victim, and by charging the jury on the statute of limitation. Norman also contends that his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Norman had little interaction with the victim, his son, until shortly after the victim's sixth birthday. Soon after one of the victim's first overnight visits with Norman, the victim told his aunt that Norman had "taken orange juice, poured it in a glass and put my penis in it and was licking it off." The victim also claimed that

Norman fondled him while they were in the bathtub and that, following the bath, he dried off Norman's penis and buttocks.

1. Norman claims that the trial court erred in admitting testimony that implied he had been subjected to a polygraph examination. Norman failed to object to such testimony at trial, however, and has thus waived his right to challenge its admission on appeal. See *Carr v. State*, 259 Ga. 318, 320 (2) (380 SE2d 700) (1989).

2. Norman contends that the trial court erred by admitting testimony of an expert witness regarding the tactile recollections of victims of childhood sexual abuse. However, Norman again failed to object to this testimony at trial and has thus waived the review of this issue on appeal. See *Guild v. State*, 234 Ga. App. 862, 868 (5) (b) (508 SE2d 231) (1998).

3. Norman claims that his trial counsel provided ineffective assistance by failing to object to the testimony referenced above that allegedly implied that he had taken a polygraph examination and the expert testimony regarding tactile recollections of victims of child sexual abuse. We disagree.

To establish ineffective assistance of counsel, Norman was required to show that his counsel's performance was deficient, that the deficiency prejudiced his defense, and that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (610 SE2d 555) (2005). A trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Since evidence supported the trial court's conclusion that there was no prejudicial deficient performance, the trial court did not err in denying Norman's motion for new trial on this ground.

First, although polygraph results are inadmissible unless both parties stipulate otherwise (*Height v. State*, 278 Ga. 592, 594 (1) (604 SE2d 796) (2004)), the offered testimony did not provide the results of a polygraph test or state that Norman had even taken a polygraph test. Instead, the testifying officer only mentioned that he received Norman from Lieutenant Respess, who is the polygraph examiner. Lieutenant Respess had testified the previous day as to her interview (not a polygraph test) with Norman. Moreover, even if the testimony implied that a polygraph exam had been taken, the mere fact that the jury is apprised that a lie detector test may have been taken is not prejudicial if no inference as to the result is raised. See *Carr*, supra, 259 Ga. at 319 (1). As a result, the testimony acknowledging that Lieutenant Respess is "our polygraph examiner" was not admitted in error, and Norman's counsel was not deficient in failing to object to it. *King v. State*, 259 Ga. App. 589, 591 (2) (578 SE2d 176) (2003) (failure to pursue futile objection does not constitute ineffective assistance).

Second, admission of the testimony regarding the tactile recollections of victims of child sexual abuse did not constitute reversible error. In a molestation case, an expert may testify regarding the proper techniques for interviewing an alleged victim and whether the techniques actually used were proper. *Barlow v. State*, 270 Ga. 54 (507 SE2d 416) (1998). Here, the witness was never asked whether, in his opinion, the victim was telling the truth. Even if a reasonable juror could have interpreted the expert's testimony as an impermissible affirmation of the victim's credibility, the court's limiting instruction and jury charge made it clear that the jury need not accept any opinions provided by the expert witness. Since evidence supported the trial court's conclusion that Norman's defense was not prejudiced by his counsel's actions, Norman has not carried his burden of showing ineffective assistance. See, e.g., *Williams v. State*, 259 Ga. App. 742, 748 (7) (e) (578 SE2d 128) (2003) (defendant who does not show prejudice from counsel's failure to object to expert testimony cannot prevail on claim of ineffective assistance).

4. Norman argues that the trial court erred in instructing the jury on the statute of limitation for child molestation. We disagree.

Where the exact date of the commission of a crime is not a material allegation in the indictment, it may be proved as of any time within the statute of limitation. *Frazier v. State*, 252 Ga. App. 627, 629 (2) (557 SE2d 12) (2001). An exception exists where the State seeks to show that the offense was committed at a time "substantially different from that alleged in the indictment [in order to] surprise[ ] and prejudice[ ] the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial." (Footnote and emphasis omitted.) Id. Here, the exact dates of the crimes were not material allegations of the indictment, Norman did not claim an alibi defense, and, in any event, the evidence did not show substantial differences between the December dates in the indictment and the October or November date when the alleged abuse may have taken place. Therefore, the trial court did not err in charging the jury regarding the statute of limitation, as its charge correctly stated the law. See *Turner v. State*, 202 Ga. App. 799, 800-801 (1) (415 SE2d 524) (1992).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2006.

*Scott A. Drake, Ralph J. Hunstein*, for appellant.

*Daniel J. Porter, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.