### 45573. STEPHENS v. THE STATE.
(368 SE2d 754)

HUNT, Justice.

Following a jury trial, Anthony Leonard Stephens was found guilty but mentally ill of the murder of Joe Stewart, and was sentenced to life imprisonment.[1]

Stephens appeals, enumerating as error certain remarks by the trial court in its charge to the jury and the trial court's failure to charge the jury on delusional compulsion.

The defendant and the victim lived at a residential care home operated by Mildred Davis. The defendant had been diagnosed as a schizophrenic and was under medication. The victim had a severe visual handicap and walked with a cane. The defendant killed the victim at their home on May 6, 1987, after Mrs. Davis had left the home for a short time. The defendant admitted stabbing the victim a number of times with a large knife, but told police that he had done so in self-defense. The defendant also told police that he was not wounded or injured in any way. A clinical psychologist testified, based on his examination of the defendant, interviews with Mrs. Davis and with the defendant's mother, and his review of the defendant's medical records, that the defendant was a responsible and competent person at the time of the killing and did not kill the victim as a result of his schizophrenia.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant did not show by a preponderance of

---

[1] The defendant killed the victim on May 6, 1987. The defendant was indicted by a Fulton County grand jury on June 30, 1987 and was convicted on September 24, 1987. An out-of-time notice of appeal was filed in the trial court on November 30, 1987, and the record was docketed in this court on March 14, 1988. The case was submitted for decision without oral argument on April 29, 1988.

the evidence that he was legally insane at the time of the crime. *Brown v. State*, 250 Ga. 66 (2) (295 SE2d 727) (1982). The evidence also meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After noting that several of the jurors were having difficulty paying attention to the charge, the trial court correctly instructed the jury on its duty to remain attentive. See *Foster v. State*, 255 Ga. 425 (2) (339 SE2d 256) (1986). We find no merit to the defendant's contention that the instruction was improper or might have suggested a belief that the defendant was guilty.

3. Stephens' contention concerning the court's failure to charge on the aspect of delusional compulsion is likewise meritless. Such an instruction was not required by the evidence and Stephens neither requested it nor objected to its absence.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 14, 1988.

*Calvin S. Graves, Sr.,* for appellant.

*Lewis R. Slaton, District Attorney, R. Andrew Weathers, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.