S99A0679. REYNOLDS v. THE STATE.
(517 SE2d 51)

CARLEY, Justice.

A jury found Terrence Reynolds guilty but mentally ill on charges of malice murder, aggravated assault and possession of a knife during the commission of a felony. Pursuant to the trial court's grant of an out-of-time appeal, Reynolds filed an unsuccessful motion for new trial. He now appeals to this Court from the judgments of conviction and sentences entered on the jury's verdicts.[1]

1. Reynolds broke into the home of Judson Atwood, who awakened and arose to investigate. A confrontation and struggle ensued wherein Reynolds fatally stabbed Mr. Atwood. Although Reynolds originally was determined to be incompetent to stand trial, his competency subsequently was restored. There being no dispute that Reynolds committed the homicide, he raised the affirmative defense of legal insanity. According to Reynolds' experts, he was legally insane when he committed the acts for which he was being tried. However, the State's experts testified that Reynolds had mental or emotional problems which did not constitute legal insanity. The jury was authorized to believe the State's experts and, therefore, to find

---

[1] The crimes occurred on July 22-23, 1993, and the grand jury indicted Reynolds on September 29, 1993. On February 3, 1995, he filed notice of intent to raise the issue of his sanity. On March 27, 1995, a jury found him incompetent to stand trial, but, on September 11, 1995, his competency was found to be restored. On April 17, 1996, the jury returned its verdicts finding Reynolds guilty of the crimes charged but mentally ill and, on that same day, the trial court entered its judgments of conviction and sentences on the verdicts. Reynolds filed a pro se motion for an out-of-time appeal on July 17, 1997. On November 18, 1997, the trial court granted that motion and ordered the appointment of appellate counsel to represent Reynolds. On December 16, 1998, the trial court denied Reynold's motion for new trial and, on December 29, 1997, he filed his notice of appeal. The case was docketed in this Court on February 9, 1999, and was submitted for decision on April 5, 1999.

that Reynolds had failed to prove by a preponderance of the evidence that he was legally insane. We conclude that the evidence, when construed most strongly against Reynolds, is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that he was guilty of the crimes charged, but that he was mentally ill. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stephens v. State*, 258 Ga. 320 (1) (368 SE2d 754) (1988).

It does appear, however, that the aggravated assault merged, as a matter of fact, into the malice murder. *Fitzpatrick v. State*, 268 Ga. 423, 424 (1) (489 SE2d 840) (1997). Accordingly, the separate judgment of conviction and sentence for the aggravated assault must be vacated.

2. After the trial commenced, one of the jurors discovered that he knew several of Reynold's relatives, and he reported this to the trial court. The trial court conducted a hearing and determined that the juror should be replaced by one of the alternates. Reynolds urges that, by so doing, the trial court violated the mandate of OCGA § 15-12-167, which provides that a challenge for cause generally must be raised before the jury is sworn and the evidentiary stage of the trial has begun.

The defendant in a criminal proceeding has no vested interest in the service of any particular juror, but is entitled only to a legal and impartial jury. *Wells v. State*, 261 Ga. 282 (2) (404 SE2d 106) (1991). Therefore, OCGA § 15-12-167 does not establish an inflexible rule. *Jones v. State*, 232 Ga. 324, 332 (206 SE2d 481) (1974). That statute must be considered in connection with the general authority conferred upon a trial court by OCGA § 15-12-172 to discharge a juror and replace him with an alternate. *Payne v. State*, 195 Ga. App. 523, 524 (2) (394 SE2d 781) (1990). Here, it is undisputed that the original juror did not become aware of the grounds for his disqualification until after the trial had commenced. He acknowledged that, considering his acquaintance with the members of Reynolds' family, it would be difficult for him to return a guilty verdict. Reynolds does not contend that the alternate juror who replaced him was not qualified to serve. *Payne v. State*, supra at 524 (2). The trial court did not err in removing the juror.

3. Reynolds contends that his trial counsel was ineffective for failing to request a charge on voluntary manslaughter as a lesser included offense. Such a charge would have to be supported by evidence that Reynolds acted solely from passion resulting from serious provocation by Mr. Atwood. There is no such evidence, since it is undisputed that Mr. Atwood did not provoke the homicide, but simply was defending himself in his own home against Reynolds' unlawful invasion. "In no way does this evidence suggest that [Reynolds] acted out of 'sudden, violent, and irresistible passion,' as a reason-

able person would have done in similar circumstances." *Worthem v. State*, 270 Ga. 469, 471 (2) (509 SE2d 922) (1999). Under the evidence, Reynolds was guilty of the murder of Mr. Atwood or he was not guilty of any crime by reason of his legal insanity. Thus, his trial counsel was not ineffective for failing to request the unauthorized charge on voluntary manslaughter.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED JUNE 1, 1999.

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.