## S04A1155. ANDERSON v. THE STATE.

(603 SE2d 220)

HUNSTEIN, Justice.

Ordell Djuan Anderson was convicted of felony murder, aggravated assault on a police officer, possession of a firearm during the commission of a felony and reckless conduct arising out of the shooting death of Sonja Smith. He appeals the denial of his motion for new trial asserting errors in the trial court's charge and recharge to

the jury.[1] Finding no reversible error, we affirm.

1. The jury was authorized to find that police officers responding to a domestic violence 911 call saw someone in an upstairs room beating on the window and heard a woman scream for help. As the officers attempted to gain entry, they heard two gunshots. Upon entering the residence, one officer went upstairs to the room where the screams originated and saw Anderson sitting on a bed with a gun in one hand and his other hand on Smith's body, which was face-down on the bed. Anderson then fired his weapon repeatedly at the officer. The officers retreated and surrounded the location. Anderson leapt out the upstairs window shortly after flames from a fire in the residence became visible. He was immediately apprehended and police recovered a .45 caliber semiautomatic pistol nearby that was not present at the scene earlier. Although police then entered the residence, fire had engulfed the upstairs area. Smith's body, severely burnt, was recovered after the fire was extinguished. Expert testimony established that Smith died from two gunshot wounds to her back and neck and that the one projectile recovered from her body was a .45 caliber metal jacketed bullet.

The evidence adduced was sufficient to enable a rational trier of fact to find Anderson guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Anderson's enumeration, asserting error in the trial court's charge on aggravated assault, is waived by his failure to object to the charge or reserve objections when given the opportunity to do so. See generally *Preer v. State*, 275 Ga. 125 (2) (562 SE2d 175) (2002). Notwithstanding the procedural default, we find no error in the trial court's aggravated assault charge. See *Simpson v. State*, 277 Ga. 356 (3) (589 SE2d 90) (2003).

3. The trial court recharged the jury only on the issues the jury requested. Both at the start of the recharge and at its conclusion the trial court reminded the jurors that they must consider all of the

---

[1] The crimes occurred on November 5, 1998. Anderson was reindicted January 12, 2001 in Fulton County and charged with malice murder, felony murder predicated upon aggravated assault, aggravated assault, arson, aggravated assault on a police officer and possession of a firearm during the commission of a felony. He was acquitted of malice murder and found guilty of felony murder, aggravated assault, aggravated assault on a police officer, possession of a firearm during the commission of a felony and reckless conduct on February 9, 2001. On February 28, 2001 the trial court merged the aggravated assault into the felony murder and sentenced Anderson to life imprisonment and consecutive terms of twenty years, five years and twelve months on the remaining charges. His motion for new trial, filed March 9, 2001 and amended November 14, 2002, was denied January 14, 2004. A notice of appeal was filed February 11, 2004. The appeal was docketed March 17, 2004 and was orally argued June 21, 2004.

charges as a whole.[2] The trial court did not err here by refusing to charge the jury on additional issues that were not requested. *Duffie v. State*, 273 Ga. 314 (2) (540 SE2d 194) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Tamara E. Theiss, Elizabeth L. Markowitz, Kristin A. Howell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.

---

[2] At the start of the recharge, the trial court stated, "[W]hat I am proposing I will do is I'm going to recharge you just on your request, nothing more, nothing less. In doing so, I want to caution you, you must consider all of the charges as a whole and that by recharging you I'm not isolating out these charges. I'm just trying to comply with your request." At the conclusion, the trial court reiterated, "I again caution you, you must consider all the charges as a whole. They are all important. I am recharging these specific sections to comply with your request."