## A06A1311. CLARK v. THE STATE.
### (638 SE2d 397)

BLACKBURN, Presiding Judge.

Following a jury trial on multiple counts arising out of allegations of child molestation and other crimes against four victims, Jerry Robert Clark appeals his convictions, contending that: (1) the evidence was insufficient to support his convictions; (2) the trial court erred by removing a seated juror; (3) the trial court erred by improperly admitting character evidence; (4) the trial court erred by admitting evidence of an alleged prior difficulty with a victim; and (5) the trial court failed to obtain a waiver of Clark's right to separate representation from his co-defendant and therefore improperly denied his claim of ineffective assistance of counsel. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Clark] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State.*[1]

So viewed, the evidence shows that in 1998, Clark, on three occasions, improperly touched the genitalia of S. D., who was thirteen years old at the time, and forced her to touch his genitalia. During the same time frame, Clark improperly touched T. W., who was also

---

[1] *Eady v. State,* 256 Ga. App. 696 (569 SE2d 603) (2002).

thirteen years old, in essentially the same ways he touched S. D., but also committed four acts of oral sodomy, and on two of those occasions, he took the child to a separate location to commit the crime.

Also in 1998, Clark visited T. H., an adult female related to Clark through the marriage of Clark's mother to T. H.'s father, and trapped her in a bathroom, forcibly kissing her and touching her genitalia.

On a separate occasion, in 1999, after offering a ride to K. Y., an adult female who had car trouble, Clark refused to take her home and forcibly touched her underneath her clothes.

In a nineteen-count indictment involving the four victims, Clark was charged with aggravated child molestation,[2] child molestation,[3] enticing a child for indecent purposes,[4] aggravated sexual battery,[5] aggravated assault,[6] and kidnapping.[7] He was also charged with influencing a witness,[8] conspiracy to influence a witness,[9] and stalking,[10] based on allegations regarding his contacts with T. W. and her mother. (Clark's co-defendant, Melissa Raszeja, was charged only on the witness tampering and stalking counts.) A jury found Clark guilty on sixteen counts (with one count merging) and found Clark not guilty as to an aggravated assault charge and the stalking charge. Clark was then sentenced to serve an aggregate of 40 years in prison followed by 20 years of probation. Clark now appeals.

1. Clark challenges the sufficiency of the evidence supporting his convictions for the sex crimes. To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*.[11]

(a) With regard to victim S. D., Clark contends that she did not identify him as the perpetrator. We disagree.

Clark was charged with three separate counts of child molestation on S. D. Evidence showed that, on three occasions, Clark improperly touched S. D. when she was thirteen years old. On one occasion, he touched her under her shirt and bra and put his hand down her pants and started to put his finger in her vagina. On the second occasion, he again put his hand down her pants and put his

---

[2] OCGA § 16-6-4 (c).
[3] OCGA § 16-6-4 (a).
[4] OCGA § 16-6-5.
[5] OCGA § 16-6-22.2.
[6] OCGA § 16-5-21.
[7] OCGA § 16-5-40.
[8] OCGA § 16-10-93.
[9] OCGA § 16-4-8.
[10] OCGA § 16-5-90.
[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

finger in her vagina, and he also took her hand and put it on his genitalia. On the third occasion, he again put his finger in her vagina. With regard to identifying Clark as the perpetrator, she testified that she knew the defendant; she referred to the perpetrator as "Jerry"; she testified that the incidents occurred when she spent the summer with Jerry, the mother of another victim, and victim T. W.; she also referred to the perpetrator as "he"; and she testified that only one male was present at the time. Taken as a whole, the evidence was sufficient to identify Clark as the perpetrator of the offenses against S. D.

(b) With regard to victim T. W., Clark was charged with four counts of aggravated child molestation, three counts of child molestation, and two counts of enticing a child for indecent purposes. Clark again argues that the victim did not identify him as the perpetrator, and also contends that T. W.'s testimony was not credible.

> We defer to the jury's decision on the proper weight and credibility to be given the evidence, because it is the jury's role to choose what evidence to believe and what to reject. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict. Moreover, the testimony of a single witness is sufficient to establish a fact.

(Citations and punctuation omitted.) *Johnson v. State.*[12] With respect to identifying Clark and establishing the crimes he committed, T. W. testified that she knew the defendant; she testified that Clark and her mother lived together; she identified the perpetrator in the first incident as "Jerry" and thereafter as "he"; the testimony about the additional six incidents followed immediately after the first; and she continued to refer to the perpetrator as "he" who lived with them or as "Jerry." She also testified that "basically the same thing happened each time." In light of this evidence, "[a]s they were authorized to do, the jurors in this case chose to believe the eyewitness testimony of [T. W.] identifying [Clark] as the perpetrator. When construed most strongly in favor of the verdict, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of his guilt." *DeLoach v. State.*[13]

(c) With regard to adult victim K. Y., Clark contends the evidence was insufficient to establish kidnapping or aggravated assault, and that the State did not prove venue.

---

[12] *Johnson v. State*, 280 Ga. App. 341, 342-343 (2) (634 SE2d 134) (2006).
[13] *DeLoach v. State*, 272 Ga. 890, 891 (1) (536 SE2d 153) (2000).

Clark was charged with kidnapping and aggravated assault. Evidence showed that K. Y. met Clark when he stopped to help her and her friends repair their truck. Shortly thereafter, K. Y. agreed to go for a ride with Clark in his vehicle starting at about 1:00 a.m. At some point, K. Y. told Clark that she wanted to go home, but she "wound up falling asleep" in the vehicle. When she woke up, Clark was holding her down in the vehicle and covering her mouth. As K. Y. struggled, Clark pinned her arms down and restrained her in a "real rough" manner. He also was touching her under her bra and panties. A truck drove up, and the driver told Clark to leave. Clark then took K. Y. home at about 7:00 a.m. During that drive, Clark at times told K. Y. that he was not going to take her home but rather to his house, but he never went there. As the evidence showed that Clark pinned K. Y. down, was "real rough," and touched her underneath her clothes against her will, the jury was authorized to find Clark guilty of aggravated assault. See *Lester v. State*.[14]

With regard to venue, K. Y. admitted that she and Clark drove around for a long period of time, that she was asleep for much of the time, and that she did not know every place they went while she was asleep. But she also testified that the ride with Clark started in Ben Hill County and that "all this took place" in Ben Hill County. There was no evidence showing that Clark took K. Y. out of Ben Hill County. Construed in favor of the verdict, the evidence authorized the jury to conclude that the crimes occurred in Ben Hill County.

The evidence was also sufficient to support a conviction of kidnapping. The fact that the victim got in the car voluntarily, standing alone, does not protect the kidnapper who later refuses to allow the victim to leave. *George v. State*.[15] See also *Helton v. State*.[16] In *George v. State*, the victims voluntarily got in the car and asked the defendant to take them to a certain gas station. When the defendant drove past the station, one victim said, " 'This is where we wanted to go.' " The defendant continued to drive without explaining his intent and eventually struck one victim in the face with a bottle. Id. at 841-842 (1). This Court held that the circumstantial evidence was sufficient to support the jury's decision finding that the victims were taken against their will. In this case, K. Y. testified that she told Clark to take her home and he refused. She also testified that she did not consent to his actions in attacking her. This evidence was sufficient to support the verdict. See also *Williams v. State*[17] (voluntarily entering

---

[14] *Lester v. State*, 173 Ga. App. 300, 302 (3) (325 SE2d 912) (1985).

[15] *George v. State*, 192 Ga. App. 840, 841 (1) (386 SE2d 669) (1989).

[16] *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983).

[17] *Williams v. State*, 211 Ga. App. 393, 394 (1) (439 SE2d 11) (1993).

another's car to go to one destination is not consent to be secretly taken to another location to be attacked and abandoned).

2. Clark next contends that the trial court erred in denying his motion for a mistrial based on the improper introduction of character evidence. However, Clark failed to preserve this issue for appeal.

Generally, "[n]o evidence of a criminal defendant's general bad character or prior conviction is admissible unless the defendant first places his character in issue." *Copprue v. State.*[18] Here, during cross-examination by Clark's attorney, the following colloquy took place:

> Q: Well, didn't Darren and Jerry [Clark] play in the band together?
> A: At this time, Jerry [Clark] was on intense probation and wasn't playing with Darren.

Upon eliciting this testimony, Clark's attorney moved for a mistrial, and the court gave the jury a curative instruction, ordering the jury "not to consider [the statement] in any way" and to "erase it from your minds." The court never explicitly ruled on the motion for a mistrial, nor did Clark's attorney renew his objection following the curative instruction.

"[I]t is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver." (Punctuation omitted.) *Totino v. State.*[19] "Because [Clark] failed to object or renew his motion for a mistrial after [the] curative instructions, he failed to preserve the issue for appeal." *Hodges v. State.*[20]

3. Clark next contends that he was denied his Sixth Amendment right to counsel because his counsel had a conflict of interest due to his joint representation of Clark's co-defendant. We disagree.

Clark did not object to the joint representation at trial, nor did he raise the issue of joint representation in his motion for a new trial, in which he argued ineffective assistance of counsel on other grounds.[21] "The contentions of ineffectiveness not raised on motion for new trial by counsel appointed to represent [Clark] after conviction are waived." *Spear v. State.*[22]

---

[18] *Copprue v. State*, 279 Ga. 771, 772 (2) (621 SE2d 457) (2005).

[19] *Totino v. State*, 266 Ga. App. 265, 268 (3) (596 SE2d 749) (2004).

[20] *Hodges v. State*, 249 Ga. App. 268, 271 (3) (547 SE2d 386) (2001).

[21] Clark's trial counsel testified at the hearing on the motion for new trial that both Clark and his co-defendant wanted to be tried together and to share counsel.

[22] *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).

4. Clark next contends that the trial court erred by improperly removing a juror from the panel during trial and replacing that juror with an alternate. We disagree.

"Under OCGA § 15-12-172, the trial court has discretion to discharge a juror and replace him or her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis." *Darden v. State.*[23]

At the beginning of the second day of trial, the State learned of allegations that a sitting juror personally knew Clark, despite not so indicating during voir dire. The State moved to remove the juror, and Clark objected. During a hearing outside the presence of the other jurors, the juror testified that she knew Clark from seeing him where she works and at a night club they both attended. Based on this testimony, the trial court removed the juror from the panel, replacing her with the alternate.

"The defendant in a criminal proceeding has no vested interest in the service of any particular juror, but is entitled only to a legal and impartial jury." *Reynolds v. State.*[24] Clark does not contend that the alternate juror who replaced the original juror was unqualified to serve. In light of the original witness's prior familiarity with Clark, we cannot say that the trial court erred in excusing the juror. See *State v. Arnold*[25] ("[a] sound basis may be one which serves the legally relevant purpose of preserving public respect for the integrity of the judicial process") (punctuation omitted).

5. Clark finally contends that the trial court erred in allowing evidence of a prior difficulty Clark had had with one of the witnesses in his case. We disagree.

> Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. However, the true test of admissibility is not the number of similarities between the crimes, but whether the evidence of prior incidents was substantially relevant for some purpose other

---

[23] *Darden v. State*, 212 Ga. App. 345, 347 (4) (441 SE2d 816) (1994).

[24] *Reynolds v. State*, 271 Ga. 174, 175 (2) (517 SE2d 51) (1999).

[25] *State v. Arnold*, 280 Ga. 487, 489 (629 SE2d 807) (2006).

than to show that the defendant likely committed the crime because he is a person of bad character.

(Citation omitted.) *Parrish v. State.*[26]

At trial, over Clark's objection, the State introduced testimony relating to a separate incident not alleged in the indictment whereby Clark performed sexual acts on juvenile victim T. W. Following this testimony, the trial court instructed the jury to only consider the testimony as it might bear on the "state of feeling" between Clark and the victim and Clark's "bent of mind and course of conduct."[27] See *Wall v. State.*[28]

Clark contends that the State failed to properly establish the timing of the prior acts, i.e., that the acts occurred prior to acts under indictment, which, Clark argues, was a necessary predicate to the admissibility of the testimony relating to the prior difficulties. However,

just like evidence of a prior difficulty, . . . evidence of a defendant's subsequent act toward the same victim is admissible as evidence of the relationship between the victim and the defendant, and it may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

*Freeman v. State.*[29] Therefore, as it is undisputed that the challenged evidence otherwise shared the character of prior difficulty evidence, this enumeration is without merit.

*Judgment affirmed. Mikell and Phipps, JJ., concur.*

DECIDED NOVEMBER 2, 2006.

*John W. Sherrer, Jr.*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[26] *Parrish v. State*, 237 Ga. App. 274, 278-279 (3) (514 SE2d 458) (1999).
[27] The acts unindicted here allegedly occurred in a different county.
[28] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).
[29] *Freeman v. State*, 269 Ga. App. 435, 438 (1) (604 SE2d 280) (2004).