## A06A1718. CAMPBELL v. THE STATE.
(640 SE2d 358)

BARNES, Judge.

Michael Anthony Campbell appeals from his conviction for molesting his stepdaughter, arguing that the trial court improperly admitted the victim's prior statements concerning the crime, including a videotaped interview, and that his trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that in the fall of 1999, when the victim was eleven years old, she lived in Gwinnett County with her mother, Campbell, and her two siblings. When the mother was away at work, Campbell would lock and chain the front door, tell the victim to remove her clothes, and rub his penis back and forth on her vagina. Although Campbell told the victim not to tell anyone lest they both get into trouble, she told two schoolmates about the molestation the following spring, and eventually repeated her outcry to a school counselor, a police investigator, and her mother.

At trial, the State offered a videotape of the victim's interview by police. Campbell's counsel did not object to the introduction of the videotape; in fact, he had previously asked that it be played in its entirety, including that portion showing the victim playing alone in the interview room. Campbell testified on his own behalf, denying that he had had any sexual contact with his stepdaughter. The jury found Campbell guilty of one count of child molestation, and he was sentenced to twenty years with ten to serve. His motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Though Campbell does not contest the sufficiency of the evidence against him, we have reviewed the record, and find that the evidence was indeed sufficient to sustain his conviction for child molestation. OCGA § 16-6-4 (a); *Jackson*, supra.

2. Campbell first contends that the introduction of the victim's prior consistent statements, including the videotape of her police interview, violated his constitutional right to confront his accuser. Campbell did not object to the admission of these statements at trial,

however, and has thus waived this and other constitutional objections on appeal. *Estes v. State*, 279 Ga. App. 394, 395 (1) (631 SE2d 438) (2006). Even if he had not waived the issue, we would affirm.

Campbell argues that the Supreme Court of the United States has held that testimonial hearsay statements are inadmissible unless the declarant is unavailable and subject to prior cross-examination, citing *Crawford v. Washington*, 541 U. S. 36, 59 (124 SC 1354, 158 LE2d 177) (2004). As the declarant in this case, the victim, was available, then her prior statements were inadmissible, he argues. Campbell misconstrues the holding in *Crawford*, which only involves the use of testimonial hearsay statements when the declarant is absent. If the declarant is absent, then the court must find first that the witness is "unavailable" — in *Crawford*, the witness was unavailable because the marital privilege prevented the State from calling her to testify against her husband, the defendant — and second, the court must find that the witness had been subject to cross-examination. In reaching this conclusion, the Supreme Court overruled *Ohio v. Roberts*, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 597) (1980), which had permitted such statements if the trial court found them "reliable." The court reviewed the history of the Confrontation Clause and distinguished between "testimonial" statements, given in contemplation of trial such as statements to police, as the victim's was in this case, and "nontestimonial" statements, which include business records or excited utterances and are not subject to the same requirements. "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law. . . ." *Crawford*, supra at 68. Before testimonial hearsay can be admitted, however, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id.

In this case, the *Crawford* prohibition does not apply, because the witness was not absent. Indeed, the Supreme Court noted that the Constitution "places no constraints at all on the use of prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (Citations omitted.) *Crawford*, supra at 59. The Supreme Court of Georgia has applied *Crawford* in several cases to date, e.g., *Moody v. State*, 277 Ga. 676, 680 (4) (594 SE2d 350) (2004) (conviction affirmed because error harmless); *Demons v. State*, 277 Ga. 724, 728 (4) (595 SE2d 76) (2004) (conviction affirmed because victim's statements to friend were not testimonial); *Brawner v. State*, 278 Ga. 316, 318-319 (2) (602 SE2d 612) (2004) (conviction reversed because error admitting absent witness's statement to police harmful); and *Ross v. State*, 278 Ga. 429, 430-431 (2) (603 SE2d 268) (2004) (conviction affirmed because error harmless). See also *Starr v. State*, 269 Ga. App. 466,

468-469 (2) (a) (604 SE2d 297) (2004) (admission of victim's video-taped interview did not violate defendant's rights under Confrontation Clause because victim available for cross-examination).

3. More specifically, Campbell contends that the trial court should not have admitted the videotaped interview because it included the victim's statements that Campbell had molested her in other states and had beaten the victim's mother. Even if he had objected to the videotape on the first of these grounds, however, such statements were evidence of prior difficulties, admissible without notice and without a pretrial hearing. *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000); *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). After the trial court agreed to give a curative instruction on the wife-beating evidence, counsel withdrew his request for such an instruction on the ground that it would focus too much attention on a "very brief statement." Thus Campbell has nothing to complain of on appeal. *Tate v. State*, 230 Ga. App. 186, 189 (4) (495 SE2d 658) (1998).

4. Finally, Campbell argues that his trial counsel was ineffective when he (a) appeared in court on the last day of trial with missing teeth and a split lip; (b) failed to present certain evidence and witnesses and chose to withdraw his request for a curative instruction; (c) allowed Campbell to testify without sufficient preparation; and (d) failed to object to admitted evidence. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).

(a) Despite Campbell's allegations to the contrary, the trial court in this case stated that it "never occurred to me that [counsel] was under the influence of any illegal drugs or that he was intoxicated," that the court did not recall "noticing him having teeth knocked out or a busted lip," or "anything that would lead [the court] to believe he was incapable of representing his client." We also note that Campbell has not given any specific examples of how he was prejudiced as a result of counsel's appearance. Because the trial court was in the best position to judge conflicting accounts of counsel's demeanor, we defer to its determination that counsel's performance was not deficient in this respect. *Uren v. State*, 174 Ga. App. 804, 806 (4) (331 SE2d 642) (1985).

(b) Although Campbell argues that counsel failed to call witnesses including Campbell's son, counsel did not testify at the hearing on the motion for new trial. We must therefore assume that his decision not to call these witnesses was strategic, as was his decision not to seek a curative instruction concerning Campbell's violence against his wife. *Reddick v. State*, 264 Ga. App. 487, 498 (8) (591 SE2d 392) (2003).

(c) Outside the presence of the jury, Campbell testified that his trial counsel had explained his right to testify or not, that he had understood that it was entirely his decision to do so or not, and that he had in fact testified freely and voluntarily. He therefore has nothing to complain of on this ground on appeal. *Taylor v. State*, 248 Ga. App. 715, 717 (5) (548 SE2d 414) (2001).

(d) As we have held above, any objections counsel might have made to the videotaped statement would have lacked merit. Counsel was therefore not ineffective when he failed to make such objections. *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

The trial court did not err when it denied Campbell's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 12, 2006 — 

*McNeill Stokes*, for appellant.
*Daniel J. Porter, District Attorney, Benjamin M. First, Assistant District Attorney*, for appellee.