## A07A0670. HEAD v. THE STATE.
(646 SE2d 699)

JOHNSON, Presiding Judge.

Guy Head was indicted for committing acts of child molestation against his two minor nieces. The first count of the indictment charged that Head rubbed the crotch of A. R. H., and the second count charged that he rubbed the breasts, and inserted his finger into the vagina, of A. L. H. Head pled not guilty to the charges and was tried before a jury, which found him guilty of both counts of child molestation. The trial court sentenced Head to serve ten years in confinement, followed by ten years on probation. Head appeals, challenging the sufficiency of the evidence, a jury charge and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm Head's conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] Furthermore, we neither weigh the evidence nor judge the credibility of witnesses, but determine only whether there is sufficient evidence from which a rational trier of fact could find the accused guilty of the charged offenses beyond a reasonable doubt.[2]

Viewed in favor of the verdict, A. R. H.'s testimony shows that one morning when she was 14 years old, she was asleep in her bedroom when Head awakened her by lifting up her shirt. She told him to stop and he left the room. A short time later he returned and began rubbing her buttocks, crotch and vagina. Once again, she told him to stop and he left the room.

A. R. H. further testified that Head had been doing that sort of thing to her for about a year, and she described several prior instances of him touching her and making sexual comments. Once when she was washing dishes, he came up behind her, put his hands on her buttocks and began talking about sex. Another time, he offered to buy her underwear, saying that she would have to model it for him. On a

---

[1] *Campbell v. State*, 282 Ga. App. 854 (640 SE2d 358) (2006).

[2] Id.

different occasion, he was wearing only underpants when he sat down next to her on a couch, began talking about sex, pulled her on to his lap, touched her breasts and made her touch his penis. On yet another occasion, he gave her a bag containing pornographic movies and a sex toy, and he told her he would help her use them. She also described an incident when Head walked in on her and a friend, B. K., while they were changing clothes, and he would not leave until A. R. H. yelled for her grandmother.

A. L. H. testified that one night when she was 12 years old, she was going to sleep in a bedroom at her grandparents' house when Head came into the room. He began rubbing her stomach and told her to take off her bra, which she did. Head then rubbed the girl's breasts, put his hand inside her panties and inserted his finger into her vagina. When A. L. H. told Head to stop, he stopped touching her and left the room.

The girls' father, who is Head's brother, testified that both his daughters told him about the incidents of Head touching them. The father, the girls' mother, Head and other family members held a meeting at which Head agreed to seek psychiatric help and the parents agreed not to report the matter to the police. When Head failed to seek help, the father reported the incidents to the police. The father also testified about a taped telephone conversation between himself and his brother, which was played for the jury, during which Head said to tell the girls that he was sorry for what he had done to them and that he would not come around them anymore.

Having reviewed all the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which the jury was authorized to find Head guilty beyond a reasonable doubt of the two counts of child molestation charged in the indictment.[3]

2. Head complains that the trial court erred in charging the jury that it could not enter a compromise verdict. The charge in question came in response to a question by the jury and was agreed to by Head.

According to the trial transcript, the judge told the parties he had received a note indicating that the jury had voted unanimously on one count of the indictment and was deadlocked on the other, and "the question seems to be can they compromise." After a lengthy discussion with the court about how to respond to the note, the prosecuting attorney and Head's attorney agreed that the judge should instruct the jurors they cannot enter a compromise verdict, that he should

---

[3] See *Clark v. State*, 282 Ga. App. 248, 249-250 (1) (638 SE2d 397) (2006).

charge them on the unanimous verdict requirement and the form of their verdict, and that he should give them the pattern jury instruction for a hung jury.

Pursuant to that agreement of counsel, the trial court then instructed the jurors that their verdict must be unanimous as to each count; that the form of their verdict should be not guilty on all counts, guilty on one count but not guilty on the other, or guilty as to all counts; and that they should try to arrive at a verdict if possible. Immediately after the charge, the court asked for objections or exceptions to it, and Head's attorney stated that he had none.

By failing to object to the charge or reserve objections to it when given the opportunity to do so, Head has waived his challenge to the jury instruction.[4] Moreover, a party may not complain about alleged errors that he helped induce.[5] Since Head's counsel expressly agreed to the jury charge in question, Head may not now complain about it.

3. Head argues that his trial counsel was ineffective in allowing the state to introduce similar transaction testimony and improper character evidence. In order to establish ineffectiveness of trial counsel, Head must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[6] Because Head has not made both showings, it cannot be said that his conviction resulted from a breakdown in the adversary process that renders the result unreliable.[7]

As for the similar transaction testimony, Head claims his trial counsel should have objected when B. K. testified about the incident when Head walked in on her and A. R. H. while they were changing clothes. First, we note that prior to B. K.'s testimony, A. R. H. had already testified about the same incident, and such testimony was properly admitted as evidence of a prior difficulty which shows the relationship between the victim and the accused and may show Head's motive, intent and bent of mind.[8] Thus, B. K.'s testimony was merely cumulative of previously admitted evidence and was therefore harmless.[9] Moreover, even assuming that counsel provided deficient performance in failing to object to B. K.'s testimony, we conclude there is not a reasonable probability that, but for this deficient performance, the outcome of the trial would have been different.[10]

---

[4] See *Anderson v. State*, 278 Ga. 421, 422 (2) (603 SE2d 220) (2004).
[5] *Stinchcomb v. State*, 280 Ga. 170, 173 (4) (626 SE2d 88) (2006).
[6] See *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).
[7] See id.
[8] See *Freeman v. State*, 269 Ga. App. 435, 436-437 (1) (604 SE2d 280) (2004).
[9] See *Morris v. State*, 278 Ga. 710, 712 (4) (606 SE2d 258) (2004).
[10] See *Hunter v. State*, 281 Ga. 526, 529 (2) (c) (640 SE2d 271) (2007).

As for the allegedly improper character evidence, Head claims it came from the victims' parents when they both testified about the family meeting at which Head agreed to get counseling in exchange for the parents agreeing not to report the incidents of molestation to law enforcement. Head has cited no case law supporting his claim that such testimony is improper character evidence. Furthermore, the testimony was admissible to explain why the victims and their parents did not immediately report the matter to police.[11]

And even if the testimony incidentally placed Head's character in issue, it was not thereby rendered inadmissible. Evidence does not become inadmissible merely because it may incidentally place the defendant's character in issue.[12] Since the testimony concerning the family meeting was admissible, an objection to it would have been without merit, and failure to make a meritless objection does not constitute ineffective assistance of counsel.[13]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 21, 2007.

*Lon P. Kemeness*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.

---

[11] *Pittman v. State*, 179 Ga. App. 760, 762 (3) (348 SE2d 107) (1986).
[12] *Garrett v. State*, 280 Ga. 30, 31 (3) (622 SE2d 323) (2005).
[13] See *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007).