A07A1164. BROWN v. THE STATE.
(652 SE2d 807)

</div>

JOHNSON, Presiding Judge.

A jury found Kenneth Romain Brown guilty of child molestation for touching the breasts of his minor daughter.[1] The trial court sentenced Brown to serve fifteen years in prison and five years on probation. Brown appeals, challenging the sufficiency of the evidence, the admission of certain evidence and a jury instruction. The challenges are without merit, and we thus affirm Brown's conviction.

1. Brown claims there is not enough evidence to support the jury's verdict finding him guilty of child molestation for touching his daughter's breasts. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether there is sufficient evidence from which a rational trier of fact could find the defendant guilty of the charged offenses beyond a reasonable doubt.[3]

---

[1] Brown was also charged with one count of rape and another count of child molestation for allegedly touching his daughter's buttocks, but the jury found him not guilty of those charges.

[2] *Campbell v. State*, 282 Ga. App. 854 (640 SE2d 358) (2006).

[3] Id.

In the instant case, Brown's daughter testified that when she was under the age of 16, Brown had rubbed her breasts and had touched her buttocks in the way one would touch an intimate partner. She said that this sort of touching had happened more than once. She also testified that one time in a hotel room he had removed her shirt and shorts and had sexual intercourse with her.

The girl eventually told her stepsister and mother, who is divorced from Brown, about the touching. The mother testified that her daughter told her that when she was 13 years old Brown started doing grownup things to her, raising her shirt and touching her breasts, and that the touching continued until she was 15. The stepsister testified that the victim told her that Brown had touched her breasts and her private parts.

The abuse was reported to the police, and the jury watched a videotape of the victim's interview with an investigator during which she stated, among other things, that Brown had been touching her breasts. The jury also heard from a sexual abuse nurse examiner, who testified that the girl had told her that Brown had been touching her breasts.

The state also introduced similar transaction evidence from the victim's stepsister. She testified that when she was a minor Brown would come into her room at night and touch her breasts and vagina, and that he had once inserted his penis into her mouth. The stepsister further testified that she had confronted Brown about his abuse of both her and the victim, and that he had said he was sorry.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[4] Here, the victim's testimony alone is enough to establish the elements of the crime charged.[5] Moreover, that testimony was corroborated by the outcry witnesses and supplemented by the similar transaction testimony, all of which provides sufficient evidence from which a rational trier of fact could find Brown guilty beyond a reasonable doubt of child molestation.[6]

2. Brown also complains that the state presented insufficient evidence to establish venue in Gwinnett County. Venue is an essential element that must be proved beyond a reasonable doubt.[7] "As with all other essential elements of a crime, weighing the evidence of venue is

---

[4] OCGA § 16-6-4 (a).

[5] *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002); *Cobb v. State*, 254 Ga. App. 48 (1) (561 SE2d 124) (2002).

[6] See *Clements v. State*, 279 Ga. App. 773, 774 (1) (632 SE2d 702) (2006).

[7] *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

a function of the jury, not of this Court."[8] Likewise, the credibility of a witness, even on the issue of venue, is to be determined by the jury.[9]

The victim testified that except for an incident in Michigan, all of the incidents of molestation that she described for the jury had occurred in Gwinnett County. The jury was authorized to find that testimony to be credible. And based on such credible testimony, the jury was authorized to find that the state had proved venue in Gwinnett County beyond a reasonable doubt.[10]

3. Brown contends the trial court erred in admitting videotaped statements made by the victim and her stepsister to police as prior consistent statements. We find no error.

> A witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.[11]

Both the victim and her stepsister testified at trial and were cross-examined by Brown's counsel, so the only question is whether their veracity was placed in issue during cross-examination. We note that the crux of Brown's defense was that the claims of molestation had been fabricated, and he pursued this defense during his cross-examination of both the victim and her stepsister.

While cross-examining the victim, Brown's counsel questioned her uncertainty at trial as to her exact age and the precise year when the molestation began even though she had previously told her mother, the officer who videotaped her statement and others that it had begun in January 2001 when she was 13 years old. Counsel also asked the victim what the differences were between the respective stories she had told her mother and her stepsister about the molestation. And he prefaced various questions with statements that he was confused by, was trying to understand and was trying to figure out the victim's story. Counsel concluded his questioning of the victim by asking her what had happened during a break in the trial

---

[8] (Citation and punctuation omitted.) *Olarte v. State*, 273 Ga. App. 96 (1) (614 SE2d 213) (2005).

[9] *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

[10] See *Henry v. State*, 274 Ga. App. 139, 143 (5) (616 SE2d 883) (2005) (victim's testimony sufficient to establish venue as to child molestation and other sexual offenses).

[11] (Citations omitted.) *Tuff v. State*, 278 Ga. 91, 94 (4) (597 SE2d 328) (2004).

proceedings to make her no longer certain that she was 13 when the molestation began. Because Brown's counsel affirmatively placed the victim's veracity in issue during cross-examination of her, the trial court did not err in admitting her prior consistent statement.[12]

As for the victim's stepsister, Brown's counsel cross-examined her about her relationship with Brown and elicited testimony that she had been upset by his divorce from her mother. Counsel also questioned the stepsister about telling her mother and the victim that Brown had fondled her too, but not telling them about the incident when Brown put his penis in her mouth. Brown's attorney also asked the stepsister if she had reviewed her videotaped interview prior to her trial testimony, and after she said that she had seen it, counsel asked if she was glad because it had refreshed her recollection as to things she had previously said that she had forgotten.

The questioning of the stepsister's relationship with Brown insinuated that her testimony was the result of animus toward Brown as a result of his divorce from her mother.[13] Moreover, his challenging her failure to tell her mother and the victim about the incident of oral sodomy, as well as his suggestion that she had refreshed her recollection by watching her videotaped interview prior to trial, raised the possibility that her testimony had been recently fabricated.[14] Since the witness's veracity was challenged on cross-examination, the trial court did not err in admitting her prior consistent statement.[15]

4. Brown argues that the trial court should not have allowed the testimony of the outcry witnesses. But as he admits in his brief, he did not object to these witnesses at trial. Because this argument was not made in the trial court, it was waived and cannot be raised for the first time on appeal.[16]

5. Brown asserts that the trial court erroneously charged the jury that the indicted offenses could be proved any time within the statute of limitation. The jury charge was not erroneous.

> It is well established that where the exact date is not stated as a material allegation of the time of commission of the

---

[12] See *Smith v. State*, 282 Ga. App. 339, 342-343 (2) (638 SE2d 791) (2006) (prior consistent statement properly admitted where defendant's cross-examination of victim implied improper motive for false testimony).

[13] See *Baugh v. State*, 276 Ga. 736, 738, n. 2 (585 SE2d 616) (2003).

[14] See *Boyt v. State*, 286 Ga. App. 460, 464 (3), n. 22 (649 SE2d 589) (2007) (prior consistent statement admissible where cross-examination raised possibility of recent fabrication).

[15] See *Brown v. State*, 273 Ga. App. 577, 580 (2) (615 SE2d 628) (2005).

[16] See *Anthony v. State*, 236 Ga. App. 257, 258 (1) (511 SE2d 612) (1999); *Strickland v. State*, 223 Ga. App. 772, 779 (3) (479 SE2d 125) (1996).

offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial.[17]

In the instant case, the exact date was not stated as a material allegation in the indictment. It is true that the evidence shows that the child molestation offense for which Brown was found guilty took place at times different from the time alleged in the indictment — the indictment alleges that the molestation occurred in January 2000, whereas the evidence shows that Brown's improper touching of his daughter's breasts occurred thereafter on several occasions until the victim reported it in 2003. Nevertheless, it does not appear that Brown was prejudiced by this evidence to the extent that he was deprived of presenting an alibi defense or was otherwise deprived of a fair trial, and we thus find no basis for reversing his conviction.[18]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 17, 2007 —
RECONSIDERATION DENIED OCTOBER 19, 2007 ■

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.

---

[17] (Citation and emphasis omitted.) *Frazier v. State*, 252 Ga. App. 627, 629 (2) (557 SE2d 12) (2001).

[18] See *Norman v. State*, 278 Ga. App. 497, 499 (4) (629 SE2d 489) (2006).