## A08A1105. ARMSTRONG v. THE STATE.
### (664 SE2d 242)

BLACKBURN, Presiding Judge.

Following a jury trial, Craig Armstrong appeals his conviction of aggravated assault[1] against his wife. He contends that the trial court erred in (1) denying his motion in arrest of the judgment, in that the rule of lenity required him to be sentenced for simple battery based on the facts, (2) failing to charge the jury on battery as a lesser included offense of aggravated assault, and (3) denying his motion for new trial based on a claim of ineffective assistance of counsel. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State.*[2] So viewed, the evidence shows that in April 2006, Armstrong became angry at his wife and pushed her down to the floor, choked her, and hit her in the head with his fist, causing severe swelling (from the blow) and burst blood vessels in her eyes (from the choking). All three of the household's children watched the attack.

Police responded to the scene and arrested Armstrong, who was ultimately released on bond. In the interim, Armstrong's wife had obtained a protective order prohibiting Armstrong from making contact with her, but she later sought its removal at Armstrong's request. Once back in the home, Armstrong again attacked his wife

---

[1] OCGA § 16-5-21 (a) (2). Armstrong was also convicted of family violence battery, simple battery (two counts), and cruelty to children in the third degree (five counts). He does not appeal those aspects of his conviction.

[2] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

and was arrested and charged with multiple counts related to the attacks. In a jury trial, Armstrong was convicted of aggravated assault, family violence battery, simple battery (two counts), and cruelty to children in the third degree (five counts). Following the denial of his motion in arrest of the judgment and for a new trial (each of which was separately heard by the trial court), Armstrong was granted leave to file this out-of-time appeal.

1. With respect to the aggravated assault conviction, Armstrong contends that the trial court erred in denying his motion in arrest of the judgment, arguing that in light of the evidence at trial and the wording of the indictment, the rule of lenity requires that he be sentenced to a lesser charge of simple battery. We disagree.

"The rule of lenity applies when a statute . . . establishes . . . different punishments for the *same offense*, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment." (Emphasis supplied.) *Banta v. State*.[3]

The relevant count in the indictment accused Armstrong as follows:

> [The Grand Jurors] . . . charge and accuse CRAIG ARM-STRONG with having committed the offense of AGGRA-VATED ASSAULT for that the said CRAIG ARMSTRONG, on the 23rd day of April, 2006, in Morgan County, Georgia, did then and there unlawfully make an assault upon the person of [his wife], with an object, to wit: his hands, which when said hands were used offensively against said person, [were] likely to result in serious bodily injury, contrary to the laws of the State of Georgia. . . ."

Armstrong argues that because the indictment did not specify any particular injury, and because the evidence would have supported a simple battery conviction, the rule of lenity requires that he be sentenced for a simple battery offense. "The crime of simple battery is committed when a person either intentionally makes physical contact of an insulting or provoking nature with the person of another or intentionally causes physical harm to another." (Citation and punctuation omitted.) *Moore v. State*.[4]

However,

> that a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity. For

---

[3] *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007).
[4] *Moore v. State*, 283 Ga. 151, 153 (2) (656 SE2d 796) (2008).

instance, depending upon attendant circumstances, it is possible for the act of striking another person with an object to meet the definitions of each of the crimes of: simple battery, OCGA § 16-5-23, a misdemeanor; aggravated battery, OCGA § 16-5-24, a felony; simple assault, OCGA § 16-5-20, a misdemeanor; aggravated assault, OCGA § 16-5-21, a felony; and malice murder, OCGA § 16-5-1, a felony. In such a circumstance, a defendant may be prosecuted for more than one crime. OCGA § 16-1-7 (a). However, the injustice that must be avoided is *sentencing* the defendant for more than one crime following his conviction of multiple crimes based upon the same act. When a defendant is so prosecuted, the principle of factual merger operates to avoid the injustice.

(Citations omitted; emphasis in original.) *Banta v. State*, supra, 281 Ga. at 618 (2).

Therefore, where a single act may *as a factual matter* be prosecuted under different penal statutes, the rule of lenity does not apply. *Banta v. State*, supra, 281 Ga. at 618 (2). Otherwise, one who murders with his hands may only be sentenced for simple battery. Here, Armstrong was charged with and convicted of aggravated assault. As the evidence supported the conviction, and as the indictment was not void on its face or otherwise deficient, we affirm the trial court's denial of Armstrong's motion in arrest of the judgment.

2. Armstrong contends that the trial court erred by failing to charge the jury on battery as a lesser included offense in the aggravated assault charge. However, the record contains no written request for a lesser included charge on battery. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Punctuation omitted.) *Morales v. State*.[5]

Furthermore, we note that when the trial court requested Armstrong's counsel to prepare a verdict form reflecting any request for lesser included offenses, Armstrong's counsel explicitly stated that she "agree[d] absolutely with the Court's observation that the lesser include[d] offense of Count 1 would be simple assault," as opposed to battery. "[A] party may not complain about alleged errors that he helped induce. Since [Armstrong's] counsel expressly agreed

---

[5] *Morales v. State*, 281 Ga. App. 18, 19 (2) (635 SE2d 325) (2006).

to the jury charge in question, [Armstrong] may not now complain about it." (Footnote omitted.) *Head v. State*.[6]

3. Finally, Armstrong contends that he received ineffective assistance of counsel because his trial counsel erroneously acceded to the simple assault charge and failed to request a jury charge on battery. We disagree.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citation and punctuation omitted.) *Williams v. State*.[7]

Here, with respect to the aggravated assault count, Armstrong's trial counsel requested and received a lesser included charge on simple assault. Armstrong now contends that his trial counsel performed deficiently by failing to request a charge on battery as a lesser included offense. At the motion for new trial, both of Armstrong's trial attorneys testified that they had initially believed battery was an appropriate lesser included offense, but that the State had asserted simple assault was the proper lesser included offense. The trial court had allowed Armstrong's trial attorneys to look up the law during a lunch break at trial, which they had failed to do. Believing the State to be correct, Armstrong's counsel had acceded to the simple assault instruction.

As to the question of whether the choice of lesser included charges here was deficient performance, we are skeptical, because, in general, "[d]ecisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *King v. State*.[8] Nevertheless, we need not reach that issue, because the record supports the trial court's finding that Armstrong failed to meet his

[6] *Head v. State*, 285 Ga. App. 471, 473 (2) (646 SE2d 699) (2007).
[7] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).
[8] *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007).

burden of showing sufficient prejudice.

Here, the trial court did properly instruct the jury on simple assault, and the jury instead found Armstrong guilty of aggravated assault. The jury's finding of guilt on aggravated assault necessarily required a finding that Armstrong used his hands in a way that did or was likely to result in "serious bodily injury." See OCGA § 16-5-21 (a) (2). In making this finding, the jury rejected the opportunity to find mere "violent injury," which is the basis for simple assault. OCGA § 16-5-20 (a). The jury's rejection of this opportunity supports a finding that even if given a charge on battery as a lesser included offense, the jury would not have found the elements of battery, which would have required the jury to find nothing more than "substantial physical harm or visible bodily harm." OCGA § 16-5-23.1 (a). Accordingly, the trial court was authorized to find that Armstrong failed to meet his burden to show that his defense was so prejudiced "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington.*[9]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 23, 2008.

*Cansino & Petty, Carl S. Cansino*, for appellant.
*Fredric D. Bright, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.

