717 S.E.2d 674 (2011)
WASHINGTON
v.
The STATE.
No. A11A0999.
Court of Appeals of Georgia.
October 14, 2011.
Rachelle Denise Hunter, for appellant.
Julia Fessenden Slater, Dist. Atty., for appellee.
SMITH, Presiding Judge.
A jury found Joseph Washington guilty on one count of child molestation and one count of bail jumping. Following the denial of his amended motion for new trial, Washington appeals, arguing that his trial counsel was ineffective and that the trial court erred in allowing certain testimony. Having reviewed these claims, we find no error and affirm.
1. Washington enumerates as error that his "counsel was ineffective in not objecting to the victim's testimony about an unindicted act of child molestation."[1] Under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
[i]n order to prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. However, in ruling on an ineffectiveness claim, this Court need not analyze the deficient performance *675 prong if the Court determines the prejudice prong has not been satisfied.
(Citations, punctuation and footnote omitted.) Bradley v. State, 283 Ga. 45, 46(2), 656 S.E.2d 842 (2008).
Washington was charged with three counts of child molestation. Count 1 alleged that he tried to remove the victim's pants, Count 2 alleged that he exposed his penis to the victim, and Count 3 alleged that he touched the victim's vagina.[2] The victim, 13 years old at the time of trial, testified that Washington, her mother's boyfriend, committed each act as alleged in the indictment. When asked whether she could remember any other incidents involving Washington, the victim stated that on one occasion, Washington tried to force her to put his penis in her mouth.
Washington argues that trial counsel was ineffective in failing to object to this testimony on the ground that it concerned an unindicted offense and was highly prejudicial. We need not decide whether trial counsel should have objected because Washington failed to satisfy the second prong of the Strickland test.
The Strickland Court set forth the appropriate test for determining prejudice: The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
(Citation and punctuation omitted.) Miller v. State, 285 Ga. 285, 286, 676 S.E.2d 173 (2009). Here, Washington has failed to demonstrate prejudice because he makes no argument on appeal regarding this prong. See Wood v. State, 304 Ga.App. 52, 53(3)(a), 695 S.E.2d 391 (2010). And in light of the jury's acquittal of Washington on two of the three child molestation counts, we hold that he has failed to demonstrate that there is a reasonable probability that the jury would have acquitted him on the third charge had counsel objected to the victim's testimony. See Rivers v. State, 283 Ga. 108, 111(2), 657 S.E.2d 210 (2008) ("mere speculation is insufficient to satisfy the prejudice prong of Strickland.") (citations, punctuation and footnote omitted.).
2. Washington contends that the trial court erred in allowing the victim to testify concerning an incident when Washington waved a gun in her presence. The "admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse." (Citation, punctuation and footnote omitted.) Smith v. State, 302 Ga.App. 128, 130(1), 690 S.E.2d 449 (2010).
The prosecutor asked the victim: "Was there ever an incident between you and [Washington] where he made a threat that made you scared to tell on [him]?" The victim stated that during an incident involving her mother, she told Washington that she was going to "tell [her] daddy," and that in response Washington said "`[t]ell your punk a* * daddy he can't do sh* * to me.' And then hehe was waving a gun."[3] Washington argues he had not opened the door to bad character evidence and that the victim's testimony here was prejudicial and without probative value.
Washington's argument here is without merit.
Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.
(Citation and punctuation omitted.) Farris v. State, 293 Ga.App. 674, 677(2), 667 S.E.2d 676 (2008). Even if this evidence incidentally placed Washington's character in issue, it was admissible to explain why the victim did *676 not report the molestation. See Head v. State, 285 Ga.App. 471, 474(3), 646 S.E.2d 699 (2007); Raymond v. State, 232 Ga.App. 228, 229(2), 501 S.E.2d 568 (1998) ("Testimony which explains conduct is admissible if it is relevant to the issues involved. [Cit.]"). The trial court therefore did not err in allowing the victim's testimony concerning this incident.
Judgment affirmed.
MIKELL and DILLARD, JJ., concur.
NOTES
[1] Washington contends, in the argument section of his brief, that the trial court erred in allowing the victim's testimony, but "an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors." (Citation and punctuation omitted.) Collier v. State, 303 Ga.App. 31, 33(2), n. 10, 692 S.E.2d 697 (2010).
[2] The jury acquitted Washington on two other counts of child molestation.
[3] Just before this testimony, the trial court ruled that the State could not elicit testimony from the victim concerning threats Washington made against the victim's mother.